1  **FOLEY & LARDNER LLP**
   402 W. BROADWAY, SUITE 2100
   SAN DIEGO, CA 92101-3542
2  TELEPHONE:   619.234.6655
   FACSIMILE:   619.234.3510
3
   DANIEL S. SILVERMAN CA BAR NO. 137864
   DSILVERMAN@FOLEY.COM
4  TAMMY H. BOGGS CA BAR NO. 252538
   TBOGGS@FOLEY.COM
5  ATTORNEYS FOR DEFENDANT OLD REPUBLIC HOME
   PROTECTION COMPANY, INC.

6

7

8              **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  DOUGLAS J. CAMPION, On Behalf of Himself    )  CASE NO. **09 CV 0748 L    JMA**
    and All Others Similarly Situated,          )
12                                              )  NOTICE OF REMOVAL
                        PLAINTIFF,              )
13                                              )
           v.                                   )
14                                              )
    OLD REPUBLIC HOME PROTECTION COMPANY,       )
15  INC., a California corporation, and DOES 1-25, )
    Inclusive,                                  )
16                                              )
                        DEFENDANTS.             )
17  _____)

18

19         PLEASE TAKE NOTICE that defendant Old Republic Home Protection Company, Inc.

20  ("Old Republic") hereby removes this action from the Superior Court of the State of California,

21  County of San Diego, to the United States District Court for the Southern District of California,

22  pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, all as amended by the Class Action Fairness Act

23  of 2005, Pub. L. No. 109-2, 188 Stat. 4 ("CAFA").  The grounds for removal are as follows:

24         1.      On March 6, 2009, plaintiff Douglas J. Campion filed a complaint (the

25  "Complaint") in the Superior Court of the State of California for the County of San Diego (Case

26  No. 37-2009-00084850-CU-BT-CTL), against Old Republic, and Does 1 through 25, inclusive.

27  The Complaint was served on Old Republic, along with a summons, on March 13, 2009.  A true

28  and correct copy of this summons and the Complaint served on Old Republic is attached hereto



DEMR_594047.3

---

NOTICE OF REMOVAL

FILED

2009 APR 13 PM 2: 10

ORIGINAL

BY _____

1    as Exhibit 1.  On April 10, 2009, Old Republic filed an Answer to the Complaint, a true and

2    correct copy of which is attached hereto as Exhibit 2.

3         2.     Removal of this action is authorized by 28 U.S.C. § 1441 and CAFA.

4         3.     The Complaint was filed by plaintiff Campion on behalf of a putative "nationwide

5    plaintiff class" consisting of "all persons and entities in the United States who, during the period

6    from approximately March 6, 2003, through the present (the "Class Period"), made a claim under

7    a home-warranty plan obtained from Defendant Old Republic Home Protection Company, Inc. .

8    ." (referred to herein as "the proposed class").  (Compl. ¶¶ 1, 15.)

9         4.     The Complaint alleges claims for breach of contract, breach of the implied

10   covenant of good faith and fair dealing, violation of the Consumer Legal Remedies Act, violation

11   of California's unfair competition law, Business and Professions Code § 17200, *et seq.*,

12   intentional misrepresentation and concealment, and false promise.

13        5.     The Complaint alleges that Old Republic "failed to adopt and implement

14   reasonable standards for the prompt investigation and processing of claims arising under the

15   home warranty plans," violated laws stemming from the same or similar conduct, and made

16   misrepresentations and/or false promises relating to Old Republic's home warranty plans.  (*E.g.*,

17   Compl. ¶¶ 39, 45, 53, 63, 70, 77.)  This conduct allegedly resulted in damages or injury to the

18   proposed class.  (*E.g.*, Compl. ¶ 40, 46, 56, 60, 74, 82).

19        6.     The Complaint seeks recovery on behalf of plaintiff Campion and the entire

20   proposed class for "*rescission* of each home warranty contract issued by Defendants to [the

21   proposed class] . . . since March 6, 2003 through the present and the return of all service call fees

22   paid . . . during that period," *restitution* of "all sums unlawfully collected by Defendants from

23   [the proposed class] since March 6, 2003 through the present," an award of *attorneys' fees* and

24   *costs* of suit, *declaratory* and *injunctive* relief.  (Compl. ¶ 6; Prayer for Relief) (emphasis added).

25   The Complaint also alleges that "Defendants' conduct was malicious so as to justify an award of

26   exemplary and punitive damages."  (Compl. ¶¶ 75, 83).

27        7.     CAFA expressly states that in considering the amount-in-controversy requirement

28   in a class action, the requested relief of the class is to be aggregated to determine if the $5

1  million threshold is met.  28 U.S.C. § 1332(d)(6).  Requests for awards of exemplary or punitive

2  damages and claims for attorney's fees, if authorized by statute, are to be considered when

3  determining whether the amount-in-controversy requirement for diversity jurisdiction is satisfied.

4  *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages are to

5  be considered in determining the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d

6  1150, 1156 (9th Cir. 1998) (where statute authorizes award of attorney's fees, they are to be

7  considered in calculating the amount in controversy).

8        8.       Based on the allegations in the Complaint, the proposed class consists of

9  "hundreds of thousands of class members" who contracted with Old Republic and made claims

10  under their home warranty plans during the Class Period.  (Compl. ¶ 16.; *see also* Declaration of

11  Gwen Gallagher ("Gallagher Decl.") ¶ 3, filed concurrently with this Notice of Removal.)  The

12  amount in controversy far exceeds the sum or value of $5 million, exclusive of interest and costs,

13  based on the number of class members (several hundred thousand), the proposed time period (six

14  years), the amount paid for a home warranty plan (an average of $400 per year) and service call

15  fees (approximately $50 per claim), and requested relief for the class including, but not limited

16  to, the requests for rescission, restitution, injunctive relief, exemplary and punitive damages and

17  attorney's fees.  (*See* Gallagher Decl. ¶¶ 4-6.)

18        9.       For purposes of illustration, assuming, *arguendo*, the class consisted of only

19  100,000 members, at $400 per plan, per year, for the six year class period, if the Court ordered

20  rescission of each of these plans and ordered Old Republic to pay restitution for the amounts paid

21  by plan holders, Old Republic would lose $240 million in revenue.  It would lose tens of millions

22  of dollars more if it were ordered to pay restitution for the service fees collected for each claim.

23  (See Gallagher Decl. ¶¶4-5.)  As such, the amount in controversy far exceeds $5 million, without

24  even looking at the other forms of relief Plaintiff seeks.

25        10.      Defendant Old Republic is a California corporation, with its principal place of

26  business in California.

27        11.      The Complaint alleges that the plaintiff class is comprised of "hundreds of

28  thousands of class members, geographically dispersed throughout the United States."  (Compl. ¶

16.) The Complaint further alleges that "during the time period covered in this Complaint, Old Republic sold home warranty plans in the State of California and *at least 21 other states*." (Compl. ¶ 10)(emphasis added).  By way of example, the Complaint alleges that Old Republic sells 14% of its warranty plans in Arizona and 12% of its warranty plans in Texas.  (Compl. ¶ 10.)  Accordingly, the minimal diversity requirement that "any member of a class of plaintiffs is a citizen of a State different from any defendant" pursuant to 28 U.S.C. § 1332(d)(2)(A) is satisfied for purposes of removal of this class action.

12.    This Notice of Removal is timely filed within thirty days after Old Republic was served with a copy of the summons and Complaint upon which this removal is based.  *See* 28 U.S.C. § 1446(b).

13.    Wherefore, Old Republic prays that the above action now pending in Superior Court of the State of California, County of San Diego, be removed to this Court.

14.    Old Republic is filing on this same date (April 13, 2009) a written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d).  Copies of the Notice to Adverse Party of Removal, together with this Notice of Removal, are being served on plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

15.    This Notice of Removal is filed subject to and with full reservation of rights.  No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

DATE:  APRIL 13, 2009

FOLEY & LARDNER LLP
DANIEL S. SILVERMAN
TAMMY H. BOGGS

By: _____
DANIEL S. SILVERMAN
ATTORNEYS FOR DEFENDANT OLD REPUBLIC
HOME PROTECTION COMPANY, INC.

4

DLMR_594047.3

**EXHIBIT 1**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:     330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY AND ZIP CODE:  San Diego, CA 92101 | |
| BRANCH NAME:        Central | |
| TELEPHONE NUMBER:   (619) 450-7064 | |

PLAINTIFF(S) / PETITIONER(S):     Douglas J Campion

DEFENDANT(S) / RESPONDENT(S):  Old Republic Home Protection Company Inc

CAMPION VS. OLD REPUBLIC HOME PROTECTION COMPANY INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2009-00084850-CU-BT-CTL |
|---|---|

Judge:  William R. Nevitt, Jr.                              Department: C-64

**COMPLAINT/PETITION FILED:** 03/06/2009

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)

**◻ORIGINAL**

CIVIL BUSINESS OFFICE 18
CENTRAL DIVISION

2009 MAR -6  A 10: 24

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY CA

MAR 6 '09 PM 4:15

JOHNSON BOTTINI, LLP
Francis A. Bottini, Jr., Esq. (SBN 175783)
frankb@johnsonbottini.com
Brett M. Weaver, Esq. (SBN 204715)
brett@johnsonbottini.com
655 West Broadway, Suite 1400
San Diego, California 92101
Telephone: (619) 230-0063
Facsimile: (619) 233-5535

Attorneys for Plaintiff
DOUGLAS J. CAMPION

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

DOUGLAS J. CAMPION, On Behalf of
Himself and All Others Similarly Situated,

Plaintiff,

v.

OLD REPUBLIC HOME PROTECTION
COMPANY, INC., a California corporation,
and DOES 1-25, Inclusive,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. **37-2009-00084850-CU-BT-CTL**

**CLASS ACTION COMPLAINT FOR:**

**(1) BREACH OF CONTRACT;**
**(2) BREACH OF THE IMPLIED
COVENANT OF GOOD FAITH AND
FAIR DEALING;**
**(3) VIOLATION OF THE CONSUMER
LEGAL REMEDIES ACT;**
**(4) VIOLATION OF BUS. & PROF.
CODE § 17200;**
**(5) INTENTIONAL
MISREPRESENTATION AND
CONCEALMENT; and**
**(6) FALSE PROMISE**

**JURY TRIAL DEMANDED**

## NATURE OF THE ACTION

1.      This action is brought as a class action on behalf of a nationwide plaintiff class (the "Class") consisting of all persons and entities who made a claim under a home warranty plan obtained from Defendant Old Republic Home Protection Company, Inc. ("Defendant" or "Old Republic") during the period from approximately March 6, 2008, through the present (the "Class Period").

2.      Defendant Old Republic is engaged in the business of selling home warranty plans in California and throughout the United States. Old Republic advertises that its home warranty plans provide its customers with:

///

-1-

CLASS ACTION COMPLAINT

1       •  **"Peace of Mind** – knowing you're protected against unexpected repair or replacement

2       costs."

3       •  **"Budget Protection** – from the high cost of home repair."

4     3.      In truth, a home warranty from Old Republic rarely provides the homeowner with "Peace

5 of Mind" and even more rarely with "Budget Protection." Indeed, the Internet is littered with consumer

6 complaints like the following:

7         "[Old Republic] Home Warranty is a RIP-OFF. Nothing is ever
        covered. They send a company to evaluate the problem for a $75 fee.

8         If it is covered by warranty, the company gets a reduced payment
        from Old Republic. If not under warranty they can gouge the

9         consumer. Guess which determination most of their subs make."

10         "Their standard plan covers nothing."

11         "This warranty replaces nothing and it is always cheaper for me to
        call my own handy man than pay them the $55 service call. The

12         contractors they use are always late and never follow up."

13         "Old Republic sent out a plumber to fix my bathtub cold shower
        knob. The plumber showed up and reported it was overtightened

14         when installed and would not be covered. This is a problem because
        I bought this house and was told a warranty would protect me. DO

15         NOT BUY FROM OLD REPUBLIC . . ."

16         "Bought a house and got an Old Republic home warranty to go with
        it. . . OR home warranty is LIKE HAVING NO WARRANTY AT

17         ALL."

18         "Unbelievable!! It is currently 100+ degrees in Texas area where we
        live and our Air conditioner is out. We have spent over 220 minutes

19         on the phone just trying to get the A/C/ issue repaired. Every stall
        tactic was used to force us in[to] paying someone local to repair the

20         issue."

21         "We have been without heat for almost a month. When it is cold we
        are forced to use a space heater, increasing our electric bill. [Old

22         Republic] suggested that I use the fireplace. We don't have a
        fireplace!"

23

24         "Had a defective A/C unit that I paid extra for, but they won't cover
        the unit. They claim it was damaged by pet urine. I don't have or

25         never did have a pet, next is to claim they don't cover 'pre-existing'
        conditions? Gesh, isn't this why I bought a policy in the first place?

26         If they won't cover pre-existing conditions then they shouldn't be
        allowed to sell policies under the pretext of covering defective

27  ///      homes." (**_See Exhibit A._**)

28  ///

4.     As discussed below, Old Republic carefully selects and trains its third-party service providers to deny legitimate claims, refuses to authorize replacement of appliances, and increases the number of necessary service calls so as to increase costs to the Class and decrease the costs to Defendant. Further, Old Republic has failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the home warranty plans sold by Old Republic to Plaintiff and the Class as is required by Cal. Ins. Code § 790.03(h)(3).

5.     By this action, Plaintiff seeks rescission of the home warranty plans between Old Republic and the members of the Class, restitution of all sums unlawfully collected by Old Republic from the members of the Class and an injunction on behalf of the Class requiring Old Republic to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the home warranty plans sold by Defendant to Plaintiff and the Class, to re-adjust claims that were submitted by Class members during the Class Period, and to refrain from continuing to engage in the unlawful business practices described herein.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over all causes of action asserted herein under the California Constitution, Article VI, § 10, because this case is a cause not given by statute to other trial courts. This action is not removable to federal court. The amount in controversy as to Plaintiff does not exceed $75,000, exclusive of interest and costs. Moreover, Plaintiff seeks only rescission, restitution, declaratory and injunctive relief on behalf of the Class.

7.     This Court retains general jurisdiction over each named defendant who is a resident of California. Additionally, this Court has specific jurisdiction over each named non-resident defendant because these defendants maintain sufficient minimum contacts with California to render jurisdiction by this Court permissible under the traditional notions of fair play and substantial justice. Old Republic is a California corporation and its principal place of business is located in California. Moreover, all Defendants' conduct was purposefully directed at California. In addition, Plaintiff's contract with Old Republic was entered into in San Diego County. Finally, exercising jurisdiction over any non-resident defendants is reasonable under these circumstances.

///

8.     Venue is proper in this Court because Plaintiff resides in San Diego, her contracts with Old Republic were entered into in San Diego County, a substantial portion of the transactions and wrongs complained of herein occurred in this County, and Defendants have received substantial compensation in this County by doing business here and engaging in numerous activities that had an effect in this County.

## PARTIES

9.     Plaintiff Douglas J. Campion, a California citizen residing in San Diego County, was the holder of a home warranty plan issued by Defendant Old Republic during the Class Period.  A Copy of the plan is attached to this complaint as **Exhibit B** and is incorporated herein by reference.  During the term of his home warranty plan, Plaintiff made a claim that Old Republic failed to properly adjust and improperly denied as being uncovered.

10.    Old Republic is a California corporation with its principal place of business at Two Annabel Lane, San Ramon, California 94583.  Old Republic's main service center is also located in San Ramon, where it offers client services including both application and claims processing.  During the time period covered in this Complaint, Old Republic sold home warranty plans in the State of California and at least 21 other states.  Old Republic sells more than $100 million worth of home warranty plans each year.  Old Republic sells more home warranty plans in California than in any other state.  Forty-two percent of the warranty plans sold by Old Republic are sold in California, far more than it sells in the next two states, Arizona (14%) and Texas (12%).

11.    Various other individuals, partnerships, corporations, and other business entities, unknown to the Plaintiff, have participated in the violations alleged herein and have performed acts and made statements in furtherance thereof.

12.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named in this action as DOES 1-20, inclusive, are unknown to Plaintiff, which therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to show their true name(s) and capacities when they have been ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each of these fictitiously-named defendants is responsible in some manner for the

1   occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by

2   conduct of these fictitiously-named Defendants.

3        13.    Plaintiff is informed and believes, and on that basis alleges, that at all relevant times

4   herein mentioned, each of the Defendants was the agent, principal, representative, and/or employee of

5   each of the other Defendants, and in doing the things mentioned herein, was acting within the scope of

6   said agency, representation, and/or employment with permission of each co-defendant.

7        14.    The acts charged in this Complaint have been done by Defendants or were ordered or

8   done by Defendants' officers, agents, employees, or representatives, while actively engaged in the

9   management of Defendants' affairs.

10                          **CLASS ACTION ALLEGATIONS**

11       15.    Plaintiff brings this action both on behalf of himself, and as a class action under

12   California Code of Civil Procedure § 382 on behalf of the following class (the "Class"):

13           All persons and entities in the United States who, during the period
             from approximately March 6, 2003, through the present (the "Class
14           Period"), made a claim under a home-warranty plan obtained from
             Defendant Old Republic Home Protection Company, Inc.  Excluded
15           from the class are defendants and their parents, subsidiaries, affiliates,
             all governmental entities, and co-conspirators.
16

17       16.    Plaintiff does not know the exact number of class members because such information is

18   in the exclusive control of Defendants.  Upon information and belief, Plaintiff believes that there are

19   hundreds of thousands of class members, geographically dispersed throughout the United States, such

20   that joinder of all class members is impracticable.

21       17.    Plaintiff's claims are typical of the claims of the Class in that: Plaintiff is the holder of a

22   home warranty plan issued by Old Republic; Plaintiff made a claim under the home warranty plan

23   during the Class Period; Plaintiff and all class members were damaged by the same wrongful conduct of

24   Defendants and their co-conspirators as alleged herein; and the relief sought is common to the Class.

25       18.    Numerous questions of law or fact arise from Defendants' unfair and anticompetitive

26   conduct that is common to the Class.  Among the questions of law or fact common to the Class are:

27   ///

28   ///

1          (a)    whether Defendants issued home warranty plans to Plaintiff and the Class;

2          (b)    whether Defendants engaged in unfair and/or unlawful business practices during

3    the Class Period;

4          (c)    whether Plaintiff and the Class made claims under the home warranty plans

5    during the Class Period;

6          (d)    whether Defendants breached the implied covenant of good faith and fair dealing

7    implied in the home warranty contracts

8          (e)    whether Defendants committed fraud in connection with the sale of the home

9    warranty contracts;

10         (f)    whether Defendants violated the Consumer Legal Remedies Act;

11         (g)    whether Plaintiff and the members of the Class are entitled to rescission of their

12   home warranty contracts; and

13         (h)    whether class-wide declaratory and/or injunctive relief is appropriate and, if so,

14   the proper measure of the declaratory and/or injunctive relief.

15       19.    These questions of law or fact are common to the Class and predominate over any other

16   questions affecting only individual class members.

17       20.    Plaintiff will fairly and adequately represent the interests of the Class in that:  Plaintiff is

18   a typical holder of the home warranty plans issued by Defendants; Plaintiff made claims under the

19   plans; and Plaintiff has no conflicts with any other member of the Class.  Furthermore, Plaintiff has

20   retained competent counsel experienced in class-action litigation.

21       21.    A class action is superior to the alternatives, if any, for the fair and efficient adjudication

22   of this controversy.

23       22.    Prosecution of separate actions by individual class members would create the risk of

24   inconsistent or varying adjudications, establishing incompatible standards of conduct for the

25   Defendants.

26       23.    Injunctive relief is appropriate as to the Class as a whole because Defendants have acted

27   or refused to act on grounds generally applicable to the Class.

28   ///

24.     Plaintiff reserves the right to expand, modify, or alter the class definition in response to information learned during discovery.

## STATEMENT OF FACTS

**Background**

25.     Old Republic is one of the nation's oldest and leading home warranty companies. The company issues home protection contracts to homeowners under which it is obligated to repair or replace covered systems and appliances that become inoperable due to normal wear and tear during the term of a contract.

26.     An individual who purchases a home warranty plan from Old Republic and desires to submit a claim must either call (800) 972-5985 or visit the company's website at www.orhp.com.

27.     After the individual contacts Old Republic, Old Republic contacts a local service contractor (e.g. plumber) who then contacts the customer to arrange a convenient day and time to diagnose the homeowner's problem. Each home warranty plan (drafted by Old Republic and containing identical language for each member of the Class) uniformly states that there is a "$55 trade call fee" that must be paid "to the contractor at the time of the first visit." The homeowner is required to pay the $55 trade call fee even if the contractor decides that the homeowner's claim is not covered under Old Republic's warranty plan.

**Old Republic's policies and procedures for denying claims**

28.     When the contractor arrives at the homeowners' residence, he or she diagnoses the homeowner's problem and then calls Old Republic's contractors' authorization department to see if the problem is covered under the homeowner's warranty plan. The contractors' authorization department will then ask the contractor a series of leading questions, looking for pre-textual reasons on which Old Republic can deny the claim. Plaintiff is informed and believes that Old Republic trains the employees in its contractors' authorization department how to deny claims based on pre-textual reasons (e.g. "lack of maintenance," "improper installation," "pre-existing condition," and "abnormal wear and tear").

29.     Plaintiff is also informed and believes that, during the first year after a homeowner first obtains a warranty plan, Old Republic routinely denies claims based on "lack of maintenance," "improper installation," "pre-existing condition" and "abnormal wear and tear." Under the express

terms of Old Republic's standard home warranty plan, however, an appliance or system need only be in "good and safe working order" at the time the plan is issued in order to be covered. Old Republic does not inspect homeowners' appliances or systems before issuing a warranty plan. As such, Old Republic has no basis for denying claims based on these reasons since Old Republic had no evidence of the appliance's or system's actual condition at the time the plan was first issued.

30.     Further, Plaintiff is informed and believes that Old Republic financially incentivizes its third-party contractors to deny legitimate claims and/or perform substandard repairs. Specifically, Old Republic rates its contractors based on their denial rate. The higher the denial rate, the more calls the contractor gets from Old Republic. Old Republic also rates its contractors based on their call back rate — *i.e.*, the number of times a contractor is called back to a certain home to fix the same problem. Old Republic rewards contractors who have a high call back rate because that is a sign they are performing cheap band-aid fixes rather than fixing the problem correctly the first time.

31.     Moreover, Plaintiff is informed and believes that Old Republic creates economic incentives for its contractors to shift the lion's share of cost of any repair or replacement work to the consumer. Specifically, Old Republic pays its contractors well below-market rates for their services. Old Republic encourages its contractors to make up the difference by charging the customer above-market rates for uncovered items. Take an air-conditioner repair for example. Things such as removal of the old unit or disposal of refrigerant are not covered under the terms of the warranty plan. Old Republic tells its contractors that they can charge whatever they want for these services. The end result is that the homeowner winds up paying just as much for the repair as he or she would have paid without a home warranty plan. Further, if the contractor cannot make up the difference on uncovered charges, he or she will often deprive the customer of necessary parts because it would be otherwise unprofitable for the contractor to perform the repair for the price Old Republic is willing to pay.

32.     Plaintiff is also informed and believes that Old Republic does nothing to ensure the qualifications of the contractors it hires. Many of the contractors Old Republic hires have F ratings with the Better Business Bureau and some do not even have a contractors' license. As a result, many of the contractors that Old Republic sends to a homeowner's residence are unable to address the problem

1  correctly causing the homeowner to have to make multiple claims and pay the $55 service call fee
2  several times.

3        33.      In addition, Old Republic routinely stalls in authorizing repairs or purchasing necessary
4  parts.  Specifically, Old Republic will routinely take several months to authorize the repair of a
5  homeowner's problem.  In most instances, such as a broken air conditioner during the summer, the
6  homeowner simply cannot wait that long for the problem to be fixed.  The homeowner will simply give
7  up and hire an independent contractor to fix the problem.  Of course, by this time, Old Republic has
8  already collected at least one $55 service fee.  Further, Old Republic does not allow its contractors to
9  buy major parts and instead buys them itself.  Old Republic routinely waits so long in obtaining the
10  parts that again the homeowner will pay someone else to get the job done right away.

11  **Old Republic's wrongful denial of Plaintiff's claims**

12        34.      In February 2008, Plaintiff called Old Republic to report a problem with his garbage
13  disposal. Predictably, Old Republic denied the claim because of "improper installation."

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

16        35.      Plaintiff realleges and incorporates by reference each and every allegation above as if
17  fully set forth herein.

18        36.      Defendants have entered into contracts with Plaintiff and members of the Class under
19  which Defendants agreed to provide home warranty plans to Plaintiff and the Class. A true and correct
20  copy of Plaintiff's home warranty plan is attached hereto as **Exhibit B** and incorporated herein by
21  reference. Under the terms of this uniform contract, Defendants are required to determine whether
22  homeowners' claims are covered under the terms of their home warranty plans.

23        37.      Plaintiff and the Class complied with all their obligations under the contracts.

24        38.      Plaintiff and members of the Class have been deprived of the benefits of their
25  agreements with Defendants.

26        39.      Defendants materially breached their contracts with Plaintiff and the Class by failing to
27  adopt and implement reasonable standards for the prompt investigation and processing of claims arising

28

1  under the home warranty plans by refusing to honor the terms of the contract, and by taking actions to

2  deprive Plaintiff of the benefits of the contracts.

3        40.    As a result of Defendants' breach of contract, Plaintiff and members of the Class have

4  suffered damages.

5        41.    Defendants are accordingly liable to Plaintiff and members of the Class for breach of

6  contract. On behalf of the Class, Plaintiff seeks rescission of all home warranty plans issued by First

7  Defendants to members of the class during the Class Period. Plaintiff also seeks an injunction ordering

8  Defendants to comply with the obligations of the contracts entered into by the Class and Defendants and

9  an injunction ordering Defendants to properly adjust claims submitted by the Class during the Class

10  Period.

11                          **SECOND CLAIM FOR RELIEF**

12              **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

13        42.    Plaintiff realleges and incorporates by reference each and every allegation above as if

14  fully set forth herein.

15        43.    There is a covenant of good faith and fair dealing implied in every contract. This

16  implied covenant requires each contracting party to refrain from doing anything to injure the right of the

17  other to receive the benefits of the agreement.

18        44.    Old Republic has a duty to adopt and implement reasonable standards for the prompt

19  investigation and processing of claims arising under its home warranty plans. This duty cannot be

20  delegated under the law.

21        45.    Old Republic failed to adopt and implement reasonable standards for the prompt

22  investigation and processing of claims arising under its home warranty plans. Moreover, through the

23  conduct alleged above, and by training its third-party contractors to deny legitimate claims, Old

24  Republic breached its duty of good faith and fair dealing and wrongfully denied Plaintiff and the Class

25  the benefit of the bargain under the home warranty plans.

26        46.    As a result of Defendants' breach of the implied covenant of good faith and fair dealing,

27  Plaintiff and members of the Class have been damaged.

28  ///

47.     Defendants are accordingly liable to Plaintiff and members of the Class for breach of the implied covenant of good faith and fair dealing.  On behalf of the Class, Plaintiff seeks recession of all home warranty plans issued by First Defendants to members of the class during the Class Period. Plaintiff also seeks an injunction ordering Defendants to comply with the obligations of the contracts entered into by the Class and Defendants and an injunction ordering Defendants to properly adjust claims submitted by the Class during the Class Period.

## THIRD CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 1790 – Consumer Legal Remedies Act)

48.     Plaintiff realleges and incorporates by reference each and every allegation above as if fully set forth herein.

49.     This cause of action is brought on behalf of Plaintiff and the Class under California Civil Code sections 1750 et seq.  Under California Civil Code § 1750 et seq., Plaintiff is entitled to enjoin Defendants' wrongful practices by reason of Defendants' unlawful, unfair, and/or deceptive acts and practices.

50.     The Consumer Legal Remedies Act prohibits unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of goods and services.

51.     Defendants sold goods and/or services to Plaintiff and the Class by selling to Plaintiff and the Class home warranty plans.  Defendants misrepresented to consumers that Old Republic would cover the cost of covered items under the home warranty plan, when in fact Old Republic created economic incentives for third-party contractors to deny claims completely or to shift the majority of the costs for repair or replacement work to the consumer.  Defendant also trained its employees to deny legitimate claims.

52.     Defendants violated the Consumer Legal Remedies Act by representing, in connection with the sale of the home warranty plans to Plaintiff and the Class, that the home warranty plans had sponsorship, approval, characteristics, ingredients, uses, and benefits which they do not have, as alleged above.

///

53.     Defendants violated the Consumer Legal Remedies Act by misrepresenting the source, sponsorship, approval, or certification of the home warranty plans.  As alleged above, Defendants had a duty to Plaintiff and the Class to conduct and diligently pursue a thorough, fair, and objective investigation of claims submitted by Plaintiff and the Class.  Defendants failed to do so because they trained and incentivized third-party contractors to deny legitimate claims.  In addition, because Defendants did not pursue any investigation on their own, but instead improperly delegated investigation of all claims submitted by Plaintiff and the Class to third-party contractors, Defendants failed to conduct and diligently pursue a thorough, fair, and objective investigation with regard to every submitted claim.  Defendants misrepresented to Plaintiff and the Class that Defendants themselves would perform the tasks related to determining whether a submitted claim was valid.

54.     Defendants violated the Consumer Legal Remedies Act by advertising goods or services with intent not to sell them as advertised, for the same reasons noted in the preceding paragraph.

55.     Defendants' unlawful, unfair, and fraudulent business acts and practices, and unfair, deceptive, untrue, and misleading advertising, as described above, present a continuing threat to members of the Class and of the general public, in that Defendants continue to sell the home warranty plans in violation of the Consumer Legal Remedies Act.  This Court is empowered to, and should, grant preliminary and permanent injunctive relief against such acts and practices.

56.     By reason of the above-described violations of the Consumer Legal Remedies Act, Plaintiff, and each member of the Class consumers of which Plaintiff is a member, have suffered damages.  Plaintiff seeks an injunction barring Defendants' illegal and unfair business practices.

**FOURTH CLAIM FOR RELIEF**

**(Violation of Bus. & Prof. Code § 17200)**

57.     Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

58.     The Unfair Trade Practices Act defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice.  Cal. Bus. & Prof. Code § 17200.  Unfair competition also includes "unfair, deceptive, untrue or misleading advertising."  *Id.*  The Act also provides for injunctive relief and restitution for violations.  *Id.*  § 17203.

///

-12-

59.     This cause of action is brought on behalf of Plaintiff, members of the Class, and members of the general public pursuant to California Business & Professions Code sections 17200 et seq.  Under Business & Professions Code § 17200 et seq., Plaintiff is entitled to enjoin Defendants' wrongful practices and to obtain restitution for the monies paid to Defendants by reason of Defendants' unlawful, unfair, and/or deceptive acts and practices.

60.     As a direct and proximate result of the acts and practices alleged above, members of the Class and the general public who purchased home warranty plans from Defendants have been injured. This Court is empowered to, and should, order restitution to all persons from whom Defendants unfairly and/or unlawfully took money.

61.     Defendants' unlawful, unfair, and fraudulent business acts and practices, as described above, present a continuing threat to members of the Class and of the general public, in that Defendants are continuing, and will continue, unless enjoined, to commit violations of Business & Professions Code § 17200.  This Court is empowered to, and should, grant preliminary and permanent injunctive relief against such acts and practices.

62.     Defendants' conduct as alleged in this Complaint violates California Insurance Code § 790.03.  As alleged above, Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the home warranty plans sold by Defendants to Plaintiff and the Class, thus violating Cal. Ins. Code § 790.03(h)(3).  Defendants' failure to adopt and implement reasonable standards for the prompt investigation and processing of claims under the home warranty plans they sold was knowingly committed and performed with such frequency as to constitute a general business practice.

63.     Defendants' conduct as alleged in this Complaint further violates California Insurance Code § 790.03 because Defendants failed to "conduct and diligently pursue a thorough, fair and objective investigation," as required by 10 CCR § 2695.7(d).  Among other things, as alleged above, Defendants trained and incentivized third-party contractors to deny legitimate claims.  In addition, because Defendants did not pursue any investigation on their own, but instead improperly delegated investigation of all claims submitted by Plaintiff and the Class to third-party contractors, Defendants

1   failed to conduct and diligently pursue a thorough, fair, and objective investigation with regard to every

2   submitted claim.

3       64.    Defendants' conduct as alleged herein also violated California Ins. Code § 790.034, in

4   that Defendants did not make the required disclosures required by such section to those members of the

5   Class residing in California.

6       65.    As alleged herein, Defendants' conduct also constitutes a breach of contract.  Defendants

7   breached the contracts by not complying with the written terms of the contract and also by not

8   complying with the obligations of Defendants under the contracts imposed by the insurance code.

9   Moreover, Defendants' conduct constitutes a violation of the implied covenant of good faith and fair

10  dealing, which is an essential element of the contracts entered into between Plaintiff and Defendants.

11  The implied covenant of good faith and fair dealing obligated Defendants to refrain from doing

12  anything to injure the right of Plaintiff and the Class to receive the benefits under the contracts.

13  Defendants violated this implied covenant through their conduct of training and incentivizing third-

14  party contractors to deny claims and to shift the majority of costs to consumers, and through their

15  conduct of failing to adopt and implement reasonable standards for the prompt investigation and

16  processing of claims arising under the home warranty plans sold by Defendants to Plaintiff and the

17  Class.

18      66.    As alleged herein, Defendants' conduct also violated California's Consumer Legal

19  Remedies Act.

20  ### FIFTH CLAIM FOR RELIEF

21  **(Intentional Misrepresentation/Concealment - Violation of Civil Code § 1710(1))**

22      67.    Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

23      68.    Old Republic uses a standard written home warranty plan, which contains identical

24  language. The plan represents: "We will provide service on covered systems or appliances that . . .

25  were properly installed and in good and safe working order on the effective date of this Plan

26      69.    Defendants made the above uniform and identical written representations to Plaintiff and

27  each member of the Class.

28  ///

70.     The representation in ¶ 69 is in fact false.  As discussed above, the true facts are as follows:

(a).     Old Republic trains its employees how to deny legitimate warranty claims based on pre-textual reasons;

(b)     Old Republic routinely denies claims for pre-textual reasons during the first year a homeowner has a warranty plan without any evidence that the problem was actually caused by the reason given for the denial;

(c)     Old Republic financially incentivizes its contractors to deny legitimate claims and or/perform substandard repairs;

(d)     Old Republic creates economic incentives for contractors to shift the cost of repair or replacement onto the consumer;

(e)     Old Republic hires unqualified and unlicensed contractors;

(f)     Old Republic routinely stalls in authorizing repairs or purchasing necessary equipment.

71.     None of the facts in ¶ 71 were disclosed to Plaintiff or members of the Class before they purchased a Old Republic Home Warranty plan.

72.     When Defendants made the false representation alleged in ¶ 69, they knew it to be false and made this representation with the intention of deceiving and defrauding Plaintiff and the members of the Class in order to induce them to act in reliance on these representations by purchasing home warranty plans, or with the expectation that they would so act.

73.     At the time Defendants made the false representation alleged in ¶ 69 and/or concealed the material facts discussed in ¶ 71, Plaintiff and the members of the Class were ignorant of the true facts.  Had they known the true facts, Plaintiff and the members of the Class would not have entered into home warranty contracts with Defendants.

74.     As a proximate result of Defendants' fraudulent conduct, Plaintiffs and members of the Class have been damaged in an amount in excess of this Court's jurisdiction, the exact amount to be proven at trial.

///

75.     The conduct of the Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants, done with to the intention of depriving Plaintiff and members of the Class of property or legal rights or otherwise causing injury. Defendants' conduct was malicious so as to justify an award of exemplary and punitive damages.

## SIXTH CLAIM FOR RELIEF

### (False Promise - Violation of Civil Code § 1710(4))

76.     Plaintiff repeats and realleges the allegations contained above as if fully stated herein.

77.     The false statement discussed in ¶ 69 above, was a promise by Defendants that they would repair or replace the homeowner's covered systems and appliances for a nominal service fee should a problem arise.

78.     At the time Defendants made this promise to Plaintiff and the members of the Class, Defendants had no intentional of performing it.

79.     The promise was made by Defendants with the intent to induce Plaintiff and the members of the Class to enter into home warranty contracts.

80.     At the time this promise was made, Plaintiff and the members of the Class were ignorant of Defendants' true intention not to perform and could not, in the exercise of reasonable diligence, have discovered Defendants' secret intention.  In reliance on Defendants' promise, Plaintiff and each member of the Class entered into home warranty contracts with the Defendants.  Had Plaintiff or the members of the Class known the Defendants' actual intention, they would not have taken such action.

81.     The Defendants failed to abide by their promise by:

(a)     Training employees on how to deny legitimate warranty claims based on pre-textual reasons;

(b)     Denying claims for pre-textual reasons during the first year a homeowner has a warranty plan without any evidence that the problem was actually caused by the reason given for the denial;

(c)     Financially incentivizing contractors to deny legitimate claims and or/perform substandard repairs;

///

-16-

1        (d)    Creating economic incentives for contractors to shift the cost of repair or

2 replacement onto the consumer;

3        (e)    Hiring unqualified and unlicensed contractors;

4        (f)    Stalling in authorizing repairs or purchasing necessary equipment.

5     82.    As a proximate result of Defendants' fraudulent conduct, Plaintiffs and members of the

6 Class have been damaged in an amount in excess of this Court's jurisdiction, the exact amount to be

7 proven at trial.

8     83.    The conduct of the Defendants was done with the intention of depriving Plaintiff and

9 members of the Class of property or legal rights or otherwise causing injury. Defendants' conduct was

10 malicious so as to justify an award of exemplary and punitive damages.

11 **PRAYER FOR RELIEF**

12     WHEREFORE, Plaintiff demands judgment against Defendants as follows:

13     **I.**    A declaration that this action is a proper class action under California Code of Civil

14 Procedure § 382 on behalf of the Class as defined herein, and an order directing that reasonable notice

15 of this action be given to each member of the Class;

16     **II.**    A declaration that the Defendants' conduct alleged herein constitutes a breach of

17 contract, breach of the implied covenant of good faith and fair dealing, and a violation of the Consumer

18 Legal Remedies Act and Business & Professions Code § 17200;

19     **III.**    An injunction enjoining, preliminarily and permanently, Defendants from continuing the

20 unlawful conduct alleged herein, and requiring Defendants to properly adjust all claims submitted by

21 the Class;

22     **IV.**    For restitution to Plaintiff and each member of the Class, as his or her interest may

23 appear, of all sums unlawfully collected by Defendants from the Plaintiff and other members of the

24 Class since March 6, 2003 through the present;

25     **V.**    For rescission of each home warranty contract issued by Defendants to Plaintiff and each

26 member of the Class since March 6, 2003 through the present and the return of all service call fees paid

27 by Plaintiff and the members of the Class during that period.

28 ///

-17-
CLASS ACTION COMPLAINT

1    **VI.**    An award for Plaintiff and the Class for the costs of this suit (including expert fees), and

2    reasonable attorneys' fees, as provided by law; and

3    **VII.**    An award for such other and further relief as the nature of this case may require or as this

4    court deems just, equitable, and proper.

5                                        **JURY DEMAND**

6    Plaintiff demands a jury trial of all triable issues.

7

8    DATED: March 6, 2009                              JOHNSON BOTTINI, LLP

9

10                                                      _____
                                                          FRANCIS A. BOTTINI, JR.
11                                              By:
                                                        Francis A. Bottini, Jr.
12                                                      Brett M. Weaver

13                                                      *Attorneys for Plaintiff DOUGLAS J. CAMPION*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**☐ ORIGINAL**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
OLD REPUBLIC HOME PROTECTION COMPANY, INC. and DOES
1-25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
DOUGLAS J. CAMPION, On Behalf of Himself and All Others
Similarly Situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
Clerk of the Superior Court

MAR 6 '09 PM 4:16

MAR 10 2009

By: L. McALISTER, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>Central Division<br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2009-00084850-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Francis A. Bottini, Jr. (CSB #175783) / Brett M. Weaver (CSB #204715)          Phone No.: (619) 230-0063
JOHNSON BOTTINI, LLP                                                                                 Fax No.: (619) 233-5535
655 West Broadway, Suite 1400, San Diego, CA 92101

DATE:
*(Fecha)* MAR 10 2009                     Clerk, by  *X McAlister*  , Deputy
                                          *(Secretario)*   L. McALISTER   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* OLD REPUBLIC HOME PROTECTION COMPANY, INC.

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☒ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

**SUMMONS**

*LexisNexis® Automated California Judicial Council Forms*

**ORIGINAL**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Francis A. Bottini, Jr. (CSB #175783) / Brett M. Weaver (CSB #204715) JOHNSON BOTTINI, LLP 655 West Broadway, Suite 1400, San Diego, CA 92101 | FILED CIVIL BUSINESS OFFICE 16 CENTRAL DIVISION 2009 MAR -6 A 10: 24 MAR 6 '09 PM 4:16 |

TELEPHONE NO.: (619) 230-0063     FAX NO.: (619) 233-5535

ATTORNEY FOR *(Name)*: Plaintiff DOUGLAS J. CAMPION

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central Division

CASE NAME:
DOUGLAS J. CAMPION v. OLD REPUBLIC HOME PROTECTION COMPANY, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 37-2009-00084850-CU-BT-CTL |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties     d. [X] Large number of witnesses

b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

c. [X] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

**4.** Number of causes of action *(specify)*: SIX (6)

**5.** This case [X] is   [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 6, 2009

Francis A. Bottini, Jr.
(TYPE OR PRINT NAME)          ► *[signature]* Francis A. Bottini
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

1   **FOLEY & LARDNER LLP**
    402 W. BROADWAY, SUITE 2100
2   SAN DIEGO, CA 92101-3542
    TELEPHONE:   619.234.6655
    FACSIMILE:   619.234.3510
3
    DANIEL S. SILVERMAN CA BAR NO. 137864
4   DSILVERMAN@FOLEY.COM
    TAMMY H. BOGGS CA BAR NO. 252538
    TBOGGS@FOLEY.COM
5   ATTORNEYS FOR DEFENDANT OLD REPUBLIC HOME
    PROTECTION COMPANY, INC.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10

11   DOUGLAS J. CAMPION, On Behalf of Himself   ) CASE NO: 37-2009-00084850-CU-BT-CTL
     and All Others Similarly Situated,          )
12                                               ) **ANSWER TO COMPLAINT**
                    PLAINTIFF,                    )
13                                               )
                 VS.                             ) CASE FILED: 3/6/2009
14                                               ) JUDGE:  WILLIAM R. NEVITT, JR.
     OLD REPUBLIC HOME PROTECTION COMPANY,       )
15   INC., a California corporation, and DOES 1-25, )
     Inclusive,                                  )
16                                               )
                    DEFENDANTS.                   )
17                                               )

18

19

20

21

22

23

24

25

26

27

28

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2009 APR 10  A 9:52

SUPERIOR COURT
SAN DIEGO COUNTY, CA

1 | TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

2 |     Defendant Old Republic Home Protection Company, Inc. ("Defendant") hereby responds

3 | to the unverified Complaint ("Complaint") of Plaintiff Douglas J. Campion ("Plaintiff") as

4 | follows:

5 | **GENERAL DENIAL**

6 |     Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies,

7 | generally and specifically, each and every allegation set forth in Plaintiff's unverified Complaint,

8 | and specifically deny that Plaintiff was injured or damaged in any amount, or at all, as the result

9 | of any act or omission by Defendant.

10 | **AFFIRMATIVE DEFENSES**

11 | **FIRST AFFIRMATIVE DEFENSE**

12 | **(Failure to State a Claim)**

13 |     The Complaint, and each purported cause of action contained therein, fails to allege facts

14 | sufficient to state a cause of action against Defendant.

15 | **SECOND AFFIRMATIVE DEFENSE**

16 | **(Contract Defenses)**

17 |     Plaintiff's claims, and the claims of those alleged to be members of the purported class,

18 | are subject to the exclusions, limits of liability, and other terms and conditions of the applicable

19 | home warranty contracts.

20 | **THIRD AFFIRMATIVE DEFENSE**

21 | **(Lack of Standing)**

22 |     As to some or all of Plaintiff's claims, Plaintiff and those alleged to be members of the

23 | purported class, lack standing to assert claims under the Complaint because they have no

24 | cognizable injury with respect to such claims.

25 | **FOURTH AFFIRMATIVE DEFENSE**

26 | **(Waiver)**

27 |     Plaintiff's claims, and the claims of those alleged to be members of the purported class,

28 | are barred, in whole or in part, by the doctrine of waiver.

SDCA_1396758.1

1

### FIFTH AFFIRMATIVE DEFENSE

2

#### (Laches)

3   Plaintiff's claims, and the claims of those alleged to be members of the purported class,

4   are barred, in whole or in part, by the doctrine of laches.

5

### SIXTH AFFIRMATIVE DEFENSE

6

#### (Statute of Limitations)

7   Plaintiff's claims, and the claims of those alleged to be members of the purported class,

8   are barred, in whole or in part, by the applicable statute of limitations, including, but not limited

9   to, Code of Civil Procedure sections 337, 338(a), 338(d), and 343.

10

### SEVENTH AFFIRMATIVE DEFENSE

11

#### (Estoppel)

12   Plaintiff and those alleged to be members of the purported class are estopped by their

13   actions from seeking the relief requested in the Complaint.

14

### EIGHTH AFFIRMATIVE DEFENSE

15

#### (Consumers Legal Remedies Act)

16   To the extent, if any, that Plaintiff seeks damages on behalf of a class, Plaintiff's class

17   allegations are barred on the grounds that Plaintiff has failed to provide the notice required under

18   the Consumers Legal Remedies Act ("CLRA") before bringing a class action for conduct

19   encompassed by the CLRA.

20

### NINTH AFFIRMATIVE DEFENSE

21

#### (Adequate Remedy at Law)

22   Plaintiff's injunction and any other equitable remedies sought are barred in light of the

23   fact that Plaintiff has an adequate remedy at law.

24

### TENTH AFFIRMATIVE DEFENSE

25

#### (Privilege)

26   Plaintiff's Complaint is barred, either in whole or in part, on the grounds that the alleged

27   acts or omissions of Defendant was privileged under the law, in that, among other things,

28   Defendant was privileged to pursue its economic interests and assert its contractual rights.

1

### ELEVENTH AFFIRMATIVE DEFENSE

2

#### (Assertion of Legal Right)

3      The conduct of Defendant alleged in the complaint, and each purported cause of action

4 therein, was privileged and justified in that Defendant, in doing the things alleged in the

5 complaint, was asserting its legal rights to engage in the conduct alleged, with a good faith belief

6 in the existence of that right.

7

### TWELFTH AFFIRMATIVE DEFENSE

8

#### (Absolute Barrier/Safe Harbor)

9      Plaintiff's claims under the UCL are barred by the California common law "absolute

10 barrier" or "safe harbor" defense, inasmuch as Plaintiff's attempt to use the UCL to assert causes

11 of action which are barred and otherwise non-actionable outside the UCL, based on Defendant's

12 legitimate exercise of its contractual rights.

13

### THIRTEENTH AFFIRMATIVE DEFENSE

14

#### (Failure to Mitigate Damages)

15      Though Defendant denies that Plaintiff is entitled to recover any damages or restitution

16 alleged in the Complaint, any such damages should be offset, in whole or in part, by Plaintiff's

17 failure to take reasonable, necessary, and appropriate actions to mitigate those damages.

18

### FOURTEENTH AFFIRMATIVE DEFENSE

19

#### (Misjoinder)

20      Plaintiff's Complaint is barred, either in whole or in part, on the grounds that Plaintiff has

21 impermissibly joined in one action parties whose claims or defenses do not arise out of the same

22 transaction, occurrence or series of transactions and in which questions of law or fact are not

23 common to all of these parties, in violation of California Code of Civil Procedure Sections 378

24 and 379.

25

### FIFTEENTH AFFIRMATIVE DEFENSE

26

#### (Unclean Hands)

27      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

28

SDCA_1396758.1

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Improper Representative Action)

3

Plaintiff's purported representative action is improper including, but not limited to, the

4 following reasons: common issues will not predominate the proceedings as opposed to individual

5 fact-specific conflicts, and/or a class action is not a superior vehicle for resolving the dispute

6 alleged in the Complaint.

7

## SEVENTEENTH AFFIRMATIVE DEFENSE

8

### (Lack of Commonality)

9

Class action status is improper because the purported class members do not have

10 commonality.

11

## EIGHTEENTH AFFIRMATIVE DEFENSE

12

### (Plaintiff's Claims Not Typical)

13

Plaintiff is not a representative plaintiff with typical claims for the class action alleged in

14 the Complaint.

15

## NINETEENTH AFFIRMATIVE DEFENSE

16

### (Additional Defenses)

17

Defendant has insufficient information upon which to form a belief as to whether they

18 may have additional unstated affirmative defenses.  Defendant reserves the right to assert

19 additional affirmative defenses in the event discovery indicates that they are appropriate.

20

### PRAYER FOR RELIEF

21

WHEREFORE, Defendant prays for judgment as follows:

22

1.     That the Complaint be dismissed with prejudice;

23

2.     That Plaintiff takes nothing by reason of the Complaint or otherwise;

24

3.     That Plaintiff's request for declaratory and injunctive relief be denied;

25

4.     That Defendant be awarded their costs of suit; and, including but not limited to,

26 reasonable attorneys' fees;

27

5.     That Defendant be awarded such other and further relief as is just and appropriate.

28

SDCA_1396758.1

1   DATE: APRIL 10, 2009

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOLEY & LARDNER LLP
DANIEL S. SILVERMAN
TAMMY H. BOGGS

By: _____
DANIEL S. SILVERMAN
ATTORNEYS FOR DEFENDANT OLD REPUBLIC
HOME PROTECTION COMPANY, INC.

6

ANSWER TO COMPLAINT
CASE NO. 37-2009-00084850-CU-BT-CTL

SDCA_1396758.1

1

## PROOF OF SERVICE

2

    I am employed in the **County of Los Angeles, State of California.** I am over the age of 18 and not a party to this action; my current business address is **402 West Broadway, Suite 2100, San Diego, California 92101-3542.**

3

4

    On April 10, 2009, I served the foregoing document(s) described as:

5

## ANSWER TO COMPLAINT

6

on the interested parties in this action as follows:

7

<u>X</u>    BY THE FOLLOWING MEANS:
    I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

8

9

**Francis A. Bottini, Jr., Esq.**
**Brett M. Weaver, Esq.**

10

**Johnson Bottini, LLP**
**655 West Broadway, Suite 1400**

11

**San Diego, CA 92101**
**Telephone: (619) 230-0063**

12

**Facsimile: (619) 233-5535**

13

<u>X</u>    **BY MAIL**
        <u>X</u>    I am readily familiar with the firm's practice of collection and processing

14

        correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal

15

        Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at **San Diego, California.** I placed the envelope(s)

16

        for collection and mailing on the above date following ordinary business practices.

17

<u>X</u>    Executed on April 10, 2009, at **San Diego, California.**

18

X        I declare under penalty of perjury under the laws of the State of California

19

        that the foregoing is true and correct.

20

        I declare that I am employed in the office of a member of the bar of this

21

X        court at whose direction the service was made.

22

23

Sheila Y. Heard-Keeling

24

25

26

27

28

SDCA_1396758.1

# PROOF OF SERVICE

I am employed in the **County of Los Angeles, State of California**.  I am over the age of 18 and not a party to this action; my current business address is **402 West Broadway, Suite 2100, San Diego, California  92101-3542**.

On April 13, 2009, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL**

on the interested parties in this action as follows:

__X__     BY THE FOLLOWING MEANS:
I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**Francis A. Bottini, Jr., Esq.**
**Brett M. Weaver, Esq.**
**Johnson Bottini, LLP**
**655 West Broadway, Suite 1400**
**San Diego, CA 92101**
**Telephone:  (619) 230-0063**
**Facsimile:  (619) 233-5535**

__X__    **BY MAIL**
__X__   I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at **San Diego, California**.  I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

__X__    Executed on April 13, 2009, at **San Diego, California**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Sheila Y. Heard-Keeling*

**Sheila Y. Heard-Keeling**

CASE NO. 37-2009-00084850-CU-BT-CTL

SDCA_1396758.1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| DOUGLAS J. CAMPION, On Behalf of Himself and All Others Similarly Situated | OLD REPUBLIC HOME PROTECTION COMPANY, INC.. |
| | 2009 APR 13  PM 2: 10 |
| | CLERK US DISTRICT COURT |
| | SOUTHERN DISTRICT OF CALIFORNIA |

| (b)  County of Residence of First Listed Plaintiff  San Diego | County of Residence of First Listed Defendant  Contra Costa |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Francis A. Bottini, Jr., Esq. | Daniel S. Silverman, Esq. |
| JOHNSON BOTTINI, LLP | Tammy H. Boggs, Esq. |
| 655 West Broadway, Suite 1400 | FOLEY & LARDNER LLP |
| San Diego, CA 92101 | 402 West Broadway, Suite 2100 |
| (619) 230-0063 | San Diego, CA 92101 |
| | (619) 234-6655 |

**'09 CV 0748 L**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Th rd Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus — | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):  28 U.S.C. sections 1332, 1441 and 1446 |
|---|---|
| | Brief description of cause:  Class action complaint for Breach of Contract and other claims. |

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ monetary and non-mon. | CHECK YES only if demanded in complaint:  JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions):   JUDGE _____   DOCKET NUMBER _____ |
|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| April 13, 2009 | *Tammy Boggs* |

**FOR OFFICE USE ONLY**

RECEIPT # 16987   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TB 04/13/09

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 161987   — MB
* * C O P Y * *
April 13. 2009
14:12:49**

**Civ Fil Non-Pris**
USAO #.: 09CV0748
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: 4737

**Total—>   $350.00**

FROM: DOUGLAS J CAMPION VS OLD
REPUBLIC HOME PROTECTION