UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS J. CAMPION,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>OLD REPUBLIC HOME PROTECTION COMPANY, INC.,<br><br>　　　　　　Defendant. | Case No. 09-CV-748-JMA(NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (DOC. NO. 36)** |

On May 28, 2010, Plaintiff Douglas J. Campion filed a motion for leave to amend his Class Action Complaint.  (Doc. No. 36.)  Defendant Old Republic Home Protection Company, Inc. opposes the motion.  (Doc. No. 40.)  A reply brief has also been filed by Plaintiff.  (Doc. No. 41.)  Pursuant to CivLR 7.1.d.1, the motion is suitable for disposition without oral argument.  After due consideration of the parties' briefs and evidentiary submissions and as set forth below, the Court DENIES Plaintiff's motion.

## *INTRODUCTION*

Defendant sells home warranty insurance policies to homeowners, pursuant to which it is obligated to repair or replace covered systems and appliances that become inoperable due to normal wear and tear during the term of the contract.  *Complaint*, para. 25.  Plaintiff, on behalf of himself and the putative class members, alleges, *inter alia*, that Defendant fraudulently induced them to purchase warranty plans by

misrepresenting that it would pay the cost of covered items under the home warranty when, in fact, it maintained policies, procedures and economic incentives to deny legitimate claims or to shift the majority of the costs for repair or replacement work to the policyholder.  *Id.*, para. 51 and 71.  The causes of action asserted include Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Violation of Cal. Civ. Code § 1790 (Consumer Legal Remedies Act), Violation of Cal. Bus. & Prof. Code § 17200, Violation of Cal. Civ. Code § 1710(1) (Intentional Misrepresentation & Concealment), and Violation of Cal. Civ. Code § 1710(4) (False Promise).

The current putative class consists of all persons who during the period of approximately March 6, 2003 through the present, made a claim under a home warranty plan issued by Defendant.  *Id.*, para 15.  Plaintiff now seeks leave to amend the class to include "all persons and entities ... who ... <u>purchased and/or</u> made a claim" under a home warranty policy.  *Plaintiff's Proposed First Amended Complaint.*, para. 14. Defendant opposes the motion on the basis 1) it is untimely and Plaintiff has failed to establish good cause under Fed. R. Civ. P. Rule 16(b) to be relieved from the Court's Scheduling Order requiring motions to amend be filed by November 9, 2010; 2) the proposed amendment is unduly prejudicial to Defendant; and 3) Plaintiff's proposed amendment is futile because it seeks to include every plan purchaser irrespective of whether they filed a claim, raising Article III standing issues for lack of actual harm or injury.

## ***DISCUSSION***

When a party seeks leave to amend the pleadings after the scheduling order deadline has passed, the party seeking the amendment must comply with Fed. R. Civ. P. Rule 16(b), which requires a showing of good cause for relief from the deadline. Assuming good cause is established for relief from the scheduling order, leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. Rule 15(a). After a responsive pleading is filed, leave to amend should be granted unless the amendment would cause prejudice to the opposing party, is sought in bad faith, is futile,

or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

**Rule 16(b)**

Plaintiff contends good cause exists under Rule 16(b) because he learned through written discovery that "persons who made a warranty claim might not have actually purchased a warranty policy" because a portion of the home warranty policies are purchased by the seller in a real estate transaction for the benefit of the buyer. *Plaintiff's Memorandum of Point and Authorities*, p. 3, lines 5-10. Plaintiff's moving papers simply state the discovery was received "several months after the deadline to amend the pleadings had passed," providing the Court insufficient information to evaluate whether Plaintiff has been diligent in seeking an amendment and leaving Defendant to speculate as to when Plaintiff became aware he should seek leave to amend. *Id.*, lines 16-17. Although no evidence is proffered on the issue, it appears Plaintiff may have become aware of the fact some policies were purchased for third party beneficiaries in late April. In his *Reply* brief, Plaintiff states "Old Republic claims that Campion's counsel knew about the issue on April 28, 2010. ... Indeed, around this time Campion recognized that he needed to redefine the class definition." *Plaintiff's Reply*, p. 4, lines 7-8. Although Plaintiff has not established this is the case, assuming for argument's sake that he became aware of this information for the first time around April 28, 2010, good cause would exist to afford him leave to file this motion after the scheduling order deadline.

**Rule 15(a)**

The putative class is currently defined as all policyholders who made a claim under their plans with Defendant. Defendant contends amending the definition to include purchasers, regardless of whether they made a claim, is futile, as mere purchasers lack standing under Article III. *Defendant's Opposition*, p. 9, lines 15-22. Plaintiff does not offer a substantive response to this argument, instead contending he has standing because he purchased a policy and made a claim that was improperly

denied.  Plaintiff also argues consideration of standing issues should be deferred until after the amended pleading is filed.  *Plaintiff's Reply*, p. 8, lines 9-14.  These arguments fail to address the key issue as to whether the proposed new class members, who did not make claims under the policy that are alleged to have been improperly handled or denied, have standing.

A claim is futile if no set of facts which can be proved under the amendment would constitute a valid claim.  *Netbula v. Distinct*, 212 F.R.D. 534, 538-539 (N.D. Cal. 2003).  As Plaintiff posits, it is not commonplace for courts to deny leave to amend on this basis.  *Id.*  The proper test in determining the futility of a proposed amendment is identical to the standard for considering the sufficiency of a pleading challenged under Fed. R. Civ. P. Rule 12(b)(6).  *Saes Getters v. Aeronex*, 219 F.Supp. 2d 1081 (S.D. Cal. 2002).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.  2001).  Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Dismissal also can be based on the lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Article III of the United States Constitution limits federal courts to deciding only actual "cases" and "controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984).  In determining whether a case or controversy exists, courts consider the interrelated doctrines of standing and ripeness.  *Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir.2009). The Supreme Court has outlined three standing requirements: (1) the plaintiff must have suffered an injury in fact, which is an invasion of a legally protected

interest which is (a) concrete and particularized, and (b) actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of such that the alleged injury is fairly traceable to the challenged conduct; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). As the party invoking federal jurisdiction Plaintiff bears the burden of establishing each of these elements. *Id.*

The Court finds the analysis in *Impress Communications v. Unumprovident Corp.*, 335 F.Supp.2d 1053 (C.D. Cal. 2003) to be instructive. In that case, plaintiffs alleged defendants defrauded them into buying disability insurance policies and that defendants did not intend to provide the coverage promised in the policies. *Id.* at 1056. Plaintiffs had not been denied any benefits or even filed claims under the policies. *Id.* at 1055-56. Plaintiffs' claimed injury was based on their contention that the value of their insurance was diminished by defendants' improper claims procedures. *Id.* at 1057 & n. 6. Defendants moved to dismiss, arguing that the plaintiffs lacked a legally cognizable injury sufficient to satisfy Article III. The court rejected the "diminished value theory," concluding that the injury was too speculative to be considered an injury-in-fact. *Id.* at 1058-59 (discussing *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450 (3d Cir.2003) and *Doe v. Blue Cross Blue Shield of Maryland, Inc.*, 173 F.Supp.2d 398 (D.Md.2001)). In particular, the court found plaintiffs "cannot allege that they have been provided with less disability coverage than they contracted for. Indeed, Plaintiffs here have never sought any benefits under Defendants' plans. An allegation that Defendants' administration of the plan might result in denial of future benefits is purely speculative...." *Id.* at 1059.

As in *Impress Communications*, Plaintiff's Proposed First Amended Complaint seeks to add as class members individuals who purchased insurance policies but did not file claims. Unlike the current putative class members who made claims that were allegedly improperly denied, these individuals do not have an actual injury. Certainly, Plaintiff has not articulated any that would warrant the inclusion of these individuals.

The Proposed First Amended Complaint fails, therefore, to allege a legally cognizable theory on behalf of the proposed new class members so as to sufficiently satisfy Article III. The inclusion of these individuals would be futile. Although, as Plaintiff correctly points out, courts are generally reluctant to dismiss class allegations at the pleading stage, instead allowing "the shape and form of a class action (to) evolve... through the process of discovery," in this situation no amount of discovery could establish an "actual controversy" where none exists.[1] *In re Wal-Mart Stores, Inc. Wage and Hour Litigation.*, 505 F.Supp.2d 609, 615 (N.D. Cal. 2007)

## *CONCLUSION*

Based on the foregoing, the Court DENIES Plaintiff's Motion for Leave to Amend. The Court previously vacated the hearing and deadlines attendant to Plaintiff's Motion for Class Certification pending the disposition of this motion. The dates are hereby reset as follows:

Defendant's Opposition shall be filed and served on or before August 6, 2010. Plaintiff's Reply shall be filed and served by August 27, 2010. A hearing will be held on September 21, 2010 at 10 a.m. The page limitations defined in the Court's Order Granting Joint Motion to Modify Briefing Schedule and Page Limits re: Plaintiff's Motion for Class Certification remain in effect. (Doc. No. 29.)

DATED: July 7, 2010

Jan M. Adler
U.S. Magistrate Judge

---

[1] To the extent Plaintiff seeks to amend the class definition to include persons who made a warranty claim, but did not themselves purchase the policy (e.g. situations in which the policy was purchased on their behalf in connection with a real estate transaction), such persons are already included in the putative class, as Defendant correctly notes. Defendant's *Opposition*, p. 19, lines 8-14.