UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUGLAS J. CAMPION, | ) | Case No. 09-CV-748-JMA(NLS) |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, REQUEST FOR CLARIFICATION (DOC. NO. 58)** |
| v. | ) | |
| OLD REPUBLIC HOME PROTECTION COMPANY, INC., | ) | |
| Defendant. | ) | |
| | ) | |

On February 3, 2011, Plaintiff Douglas J. Campion filed a Motion for Reconsideration or, in the Alternative, Request for Clarification of the Court's denial of Plaintiff's earlier motion for class certification.  (Doc. No. 58.)  Defendant Old Republic Home Protection Company, Inc. has filed a brief in opposition and Plaintiff has also filed a reply in support of his motion.  (Doc. No. 61 and 62.)  Pursuant to CivLR 7.1.d.1, the motion is suitable for disposition without oral argument.[1]  After due consideration of the

---

[1]  In his motion for reconsideration, Plaintiff requests he be permitted oral argument on the motion for class certification because he believed oral argument would be held and was surprised when it was not.  *Memorandum of Points & Authorities in Support of Motion for Reconsideration*, p. 12.  Plaintiff's statements in this regard, and their implication that oral argument on the class certification issues was previously requested, necessitate clarification of the record.

Pursuant to CivLR 7.1.d.1, oral argument is held at the Court's discretion.  The Court will consider a number of factors in determining whether oral argument should be held,

1  parties' briefs, the Court DENIES Plaintiff's motion.

2  ### I. LEGAL STANDARD

3      Plaintiff's motion is brought under CivLR 7.1.i.1 and the Court's "inherent power

4  to reconsider and modify its interlocutory orders...."  CivLR 7.1.i.1 allows a party to apply

5  for reconsideration "[w]henever any motion or any application or petition for any order or

6  other relief has been made to any judge and has been refused in whole or in part."  The

7  rule requires a party to show "what new or different facts and circumstances are claimed

8  to exist which did not exist, or were not shown, upon such prior application."  CivLR

9  7.1.i.1.[2]  Although Plaintiff's request invokes CivLR 7.1.i.1 and the Court's inherent

10  authority to modify prior orders, the parties agree reconsideration may be granted under

11  standards applicable to a Fed. R. Civ. P. 59(e) post-judgment motion for reconsidera-

12  tion, which allows for reconsideration when "the district court (1) is presented with newly

13  discovered evidence, (2) committed clear error or the initial decision was manifestly

14  unjust, or (3) if there is an intervening change in controlling law," citing *School Dist. No.*

15  *1J, Multnomah County, Or. v. AC and S, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).  A

16  

17  including whether the factual and legal issues raised in the briefing might require further development and whether oral argument has been requested.  As part of the briefing schedule,

18  the motion for class certification was set for a hearing date on October 1, 2010.  Due to calendaring conflicts of counsel, the Court vacated that date and instructed counsel to jointly

19  call chambers regarding rescheduling.  (Doc. No. 52).  When the Court's staff spoke with counsel, they were informed the Court was inclined to hold oral argument and, therefore, it

20  wished to select an alternate date that was convenient for counsel.  Counsel expressed surprise oral argument might be held and indicated they were willing to have the matter

21  decided on the briefing, but agreed that if a hearing was to be held, a date should be chosen that was mutually convenient.  After counsel consulted their calendars, the Court was informed

22  that all concerned could be present, if the Court decided it needed oral argument, on December 17, 2011.  However, after familiarizing itself more thoroughly with the parties'

23  extensive briefs and supporting declarations and exhibits, and learning that neither party felt oral argument was necessary, the Court determined the motion was suitable for disposition

24  without argument and did not reset the hearing.

25      Plaintiff now requests he be permitted to argue the motion for class certification.  The request is not only untimely, but is also beyond the scope of the motion for reconsideration.

26  After reviewing the briefing on this motion, the Court finds the matter suitable for disposition without oral argument.

27     [2]  Defendant correctly maintains that Plaintiff failed to comply with CivLR 7.1.i.1's affidavit requirement.  Although Plaintiff's motion is defective in this regard, the Court is not

28  inclined to deny the motion solely on the basis of a procedural deficiency and will exercise its inherent authority to consider the merits of the arguments for reconsideration.

1    motion for reconsideration may not be used to get a second bite at the apple.  It is not a

2    method by which to raise arguments or present evidence for the first time when they

3    could reasonably have been raised earlier [*Id.; see also Kona Enterprises, Inc. v. Estate*

4    *of Bishop*, 229 F.3d 877. 890 (9th Cir. 2000)] or to reargue an issue [*Am. Ironworks &*

5    *Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001)].

6           Here, Plaintiff only invokes "clear error" as a basis for reconsideration, arguing

7    the Court's prior decision was clearly erroneous on five counts.  The Ninth Circuit has

8    not defined a standard for "clear error," although it has been discussed by other circuits.

9    As the Fifth Circuit Court of Appeals has observed, "[i]n the context of the law of the

10   case doctrine, "clearly erroneous" is a very exacting standard.  'Mere doubts or dis-

11   agreement about the wisdom of a prior decision of this or a lower court will not suffice

12   for this exception.  To be clearly erroneous, a decision must strike us as more than just

13   maybe or probably wrong; it must be dead wrong.'"  *Hopwood v. Texas*, 236 F3d 256,

14   273 (5th Cir. 2000) (citation omitted).  The Seventh Circuit has also set a high standard

15   for a party filing a motion for reconsideration on the basis of error, finding the movant

16   must demonstrate a "wholesale disregard, misapplication, or failure to recognize

17   controlling precedent."  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

18                                    **II.  DISCUSSION**

19   **A.     The Court Did Not Misapply *Dukes*, Ignore Plaintiff's Evidence, or Rely**
20   **         Exclusively on Evidence Submitted by Defendant**

21          In his first argument, Plaintiff contends the Court ignored his evidence that

22   Defendant financially incentivizes its contractors to deprive class members of the

23   benefits of their home warranty plans and instead relied exclusively on statistical

24   evidence submitted by Defendant.  *Memorandum of Points & Authorities in Support of*

25   *Motion for Reconsideration*, p. 3.  In doing so, Plaintiff submits the Court misinterpreted

26   and misapplied *Dukes v. Wal-Mart Stores, Inc.,* 603 F.3d 571 (9th Cir. 2010) and

27   essentially conducted a mini-trial on Plaintiff's claims.  The Court was, Plaintiff argues,

28   / /

1    "bound to take the substantive allegations of the complaint as true," pursuant to *Blackie*

2    *v. Barrack*, 524 F.2d 891 (9th Cir. 1975).  *Id.*

3         Plaintiff's argument the Court misinterpreted and misapplied *Dukes* rehashes his

4    argument from the motion for class certification about the appropriate legal standard

5    and is not a proper basis for reconsideration.  *Am. Ironworks & Erectors, Inc*, 248 F.3d

6    at 899.  Furthermore, the Court did not, as Plaintiff posits, "ignore all of Plaintiff's

7    evidence."  To the contrary, the Court accepted Plaintiff's substantive allegations as true

8    but determined that the claims were not capable of proof without examining class

9    members' claims on an individualized basis.  The order denying class certification is

10   replete with citations and references to the Complaint, Plaintiff's arguments, and

11   Plaintiff's evidence.  *See e.g., Order Denying Plaintiff's Motion for Class Certification*

12   *and Defendant's Motion to Strike*, p. 2, ln. 6-18; pp. 2-3, ln. 25-9; p. 6, ln. 22-26; p. 8, ln.

13   7-16; p. 9, ln. 7-14; pp. 10-11, ln. 28-7; pp. 13-14, ln. 13-12; pp. 15-16, ln. 25-3; p. 18,

14   ln. 13-20; pp. 19-20, ln. 21-5; pp. 21-22, ln. 10-11; p. 25, ln. 14-19; pp. 26, ln. 21-27; p.

15   27, ln. 17-25; p. 28, ln. 11-15; p. 29, ln.11-12; p. 30, ln. 17-23; and pp. 31-32, ln. 23-3.

16        As the Court previously observed, although a court should not conduct a

17   preliminary inquiry into the merits of a plaintiff's case when considering a motion for

18   class certification, the Court *must* conduct a "rigorous analysis" to ensure the prerequi-

19   sites of Rule 23(b) are actually satisfied, not just presumed from the pleadings.  *Dukes*,

20   603 F.3d at 581.  The "rigorous analysis" requirement is not, as Plaintiff posits, simply

21   an interpretation of the *Dukes* case, but rather is derived from long-standing legal

22   precedent.  *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

23        In some instances, the pleadings will be sufficient to demonstrate whether a

24   class should be certified, but often courts are required to look "behind the pleadings"

25   even to issues overlapping with the merits of the underlying claims.  *Dukes*, 603 F.3d at

26   581; *See also Falcon*, 457 U.S. 160 ("[s]ometimes the issues are plain enough from the

27   pleadings to determine whether the interests of the absent parties are fairly encom-

28   passed within the named plaintiff's claim, and sometimes it may be necessary for the

court to probe behind the pleadings before coming to rest on the certification question.")
The Court is not required to "unquestioningly accept a plaintiff's arguments as to the
necessary Rule 23 determinations" and may consider facts that are relevant to the Rule
23 determination, even though the facts may also relate to the underlying merits of the
case. *Dukes*, 603 F.3d at 586, 589.

In this case, it was necessary for the Court to probe behind the pleadings to
make findings on the Rule 23 certification decision. Although the Court cited multiple
reasons why individual issues overwhelmed issues that are common to the class,
Plaintiff takes exception to the Court's consideration of statistical evidence proffered by
Defendant regarding the handling of service claims. *Memorandum of Points & Authori-
ties in Support of Motion for Reconsideration*, p. 5. This evidence, however, which was
not disputed or challenged by Plaintiff at the time, was not used to evaluate or make a
determination on the merits of Plaintiff's claims. The Court accepted Plaintiff's substan-
tive allegations, but determined due to multiple factors that individual issues predomi-
nated in this case and, therefore, class certification was not appropriate.[3] *Order
Denying Plaintiff's Motion for Class Certification and Defendant's Motion to Strike*, pp.
16, 19, 20, 26-27, 28-29. The fact that the Court considered uncontroverted evidence
submitted by Defendant, which also overlaps with issues pertaining to the merits of the
/ /

---

[3] For example, in considering Plaintiff's cause of action for Breach of Contract it was
necessary to analyze some aspects of the merits of the claim to the extent they overlapped
with class certification requirements. The theory espoused by Plaintiff in support of class
certification, that Defendant breached the class member's home warranty plans before a claim
was ever made, is untenable under fundamental principles of contract law. *Order Denying
Plaintiff's Motion for Class Certification and Defendant's Motion to Strike*, p. 14. The Court
then examined class certification of the cause of action from the point in time at which
Defendant's duty to perform arose, i.e., when class members made a claim for benefits. *Id.*
pp. 14-15. Observing that Plaintiff and his expert conceded some of the claims were
appropriately administered by Defendant, the Court found this theory required an individualized
inquiry to determine whether claims were wrongfully denied or inappropriately handled. *Id.* p.
15. The Court also found Plaintiff's demand for restitution required individualized examination.
*Id.* p. 16. At this point, the Court also considered Defendant's uncontroverted evidence that
85.8% of the service requests made were covered, and concluded, based on the entire record
and applicable legal principles, that individual issues predominated over common issues
because an inquiry "would need to be made into the claims of such a large portion of the
class...." *Id.*

09cv748-JMA(NLS)

claim, in determining whether Plaintiff satisfied the requirements of Rule 23 is neither

improper nor a basis for reconsideration.

**B.    The Court Did Not Ignore Plaintiff's Theory of the Case**

Plaintiff's second argument is the Court committed clear error by focusing on

Defendant's denial of claims and ignoring Plaintiff's theory of the case, which also

consists of allegations that Defendant's wrongful business practices include:

1)    contractors performing band-aid fixes rather than necessary but expensive repairs;

2)    contractors gouging customers for non-covered portions of the claim and upselling them unnecessary and uncovered upgrades; and

3)    contractors refusing to work on expensive jobs, requiring customers to resubmit claims and, often times, pay a second service call fee.

*Memorandum of Points & Authorities in Support of Motion for Reconsideration*, p. 6.

Plaintiff claims the Court improperly accepted Defendant's argument that the case is

about improper denial of claims when, in fact, he also claims that due to Defendant's

wrongful business practices, the overwhelming majority of the putative class members

were substantially worse off even when a claim was covered.  *Id.* p. 7.

Contrary to Plaintiff's assertion, these allegations were not ignored and were, in

fact, addressed in the underlying order.  *Order Denying Mot. For Class Certification*, p.

8, ln. 7-16; p. 13, ln. 16-25, pp. 19-20, ln. 20-5.  Plaintiff's argument for class certifica-

tion essentially sought to have the Court presume Defendant's alleged unfair practices

caused the class members harm.[4]  As the Court explained, the mere existence of the

system Plaintiff contends Defendant created "would not prove on a class-wide basis

that claims were wrongfully denied *or inappropriately handled*."  *Id.* p. 15, ln. 16-19,

*emphasis added.*

_____

[4]  Plaintiff previously posited that each class member was harmed because, by virtue of these practices, each of them "faced the risk that [Defendant's] contractor would deny legitimate claims, perform cheap repairs, punt on expensive jobs or upsell the customer on "non-covered charges."  *Memorandum of Points & Authorities in Support of Motion for Class Certification,* pp. 16 and 24-25.  As discussed in the order denying class certification, this "diminished value" theory is too speculative to establish the necessary causal link.  *Order Denying Mot. For Class Certification*, p. 20.

1    As previously explained, under the class definition espoused by Plaintiff, individ-

2    ual inquiries and proof would be required to determine whether the alleged "unfair"

3    conduct actually caused injury to each class member, as well as to determine appropri-

4    ate restitution.  *Id.* p. 20.  Class members' individual claims for benefits would need to

5    be examined to determine how they were administered, whether the class members

6    were harmed as a result of Defendant's claims handling practices and, if so, how they

7    were harmed.  A class member's claim would need to be reviewed to determine

8    whether it was honored or denied.  If the claim was denied, further inquiry would need to

9    be made as to whether the denial was legitimate, as Plaintiff concedes many were.  On

10   the other hand, even if the claim was honored, individualized inquiries would be

11   necessary.  Honored claims would need to be examined to determine whether a class

12   member was in fact "substantially worse off even when a claim [wa]s 'covered.'"

13   *Memorandum of Points & Authorities in Support of Motion for Reconsideration*, p. 7, ln.

14   6.  Plaintiff's own experience demonstrates the need for individualized inquiries.  He

15   made two claims for benefits under his home warranty plan, the first of which – concern-

16   ing his garbage disposal – was the impetus for this suit.  He testified, however, that

17   when he made a second claim (for problems with his electric range/oven) he received

18   the benefit owed to him, and admitted he would not have sued Defendant had that been

19   his only claim.  *Declaration of Tammy Boggs in Support of Opposition to Motion for*

20   *Class Certification ("Boggs Dec.")*, Ex. B (Transcript of Deposition of Douglas J.

21   Campion ("Campion Depo.") pp. 28-30; ln. 7-7).  The inquiry into honored claims is

22   further complicated, moreover, because Plaintiff alleges these class members may have

23   been harmed in a variety of ways – some through an inadequate band-aid fix, others

24   through price gouging, and others by a contractor's unjustified refusal to perform

25   expensive repairs.  The circumstances of individual class member's claims would,

26   therefore, need to be examined in order to prove Plaintiff's argument that class mem-

27   bers were harmed by defendant's practices even when claims were covered.

28   / /

**C.   Plaintiff Has Not Established a Basis to Reconsider Denial of Certification of the Breach of Contract Cause of Action**

Plaintiff's third argument is that the Court committed clear error in concluding his proposed remedy for the Breach of Contract cause of action would require examination of too many individualized issues.  *Memorandum of Points & Authorities in Support of Motion for Class Certification,* pp. 7-9.  Plaintiff contends the amount of restitution to which each class member is entitled can be calculated by a claims administrator with a uniform measure of restitution.  *Id.* p. 8.  The formula he proposes was not advanced in his motion for class certification and, thus, is not an appropriate basis for reconsideration.[5]  Furthermore, the Court's ruling on the contract-based causes of action was not only limited to the need for individualized inquiries in calculating the amount of restitution to which class members might be entitled.  The Court also found individual issues predominated with regard to establishing whether a breach occurred.  *Order Denying Mot. For Class Certification*, pp. 14-15.  Although Plaintiff argues the Court committed clear error with regard to its analysis of the Breach of Implied Covenant of Good Faith and Fair Dealing cause of action, he does not challenge the Court's conclusion with regard to the Breach of Contract claim.  There is, therefore, no basis to revisit the Court's denial of class certification for this cause of action.

/ /

/ /

---

[5]   The formula now advanced by Plaintiff further illustrates the leap in logic (from Defendant's alleged wrongful business practices to class members' presumed damages) that pervades Plaintiff's arguments and exemplifies why proof of the class members' claims requires individualized scrutiny.  Plaintiff states "there are essentially three different scenarios that would entitle class members to restitution: [1] Where Defendant denied the class member's claim outright...[;] [2] Where Defendant handled the claim...[; and] [3] Where Defendant handled some claims and denied others.  *Memorandum of Points & Authorities in Support of Motion for Reconsideration*, p. 8.  With regard to claims falling in the first category, for example, Plaintiff proposes the measure of restitution for these class members be determined by the amount the class member paid [the policy premium plus the service call fee(s)] less the amount he or she received (in these cases, nothing).  This formula assumes that every claim denied by Defendant was done so wrongfully and, therefore, every class member whose claim was denied is entitled to restitution, even though Plaintiff concedes some claims were legitimately denied.

09cv748-JMA(NLS)

1
2

**D.    Individualized Inquiries Are Necessary With Respect To Plaintiff's Claim For Breach Of The Implied Covenant**

3    Plaintiff's fourth argument challenges the Court's denial of class certification of

4    the cause of action for Breach of Implied Covenant of Good Faith and Fair Dealing.

5    *Memorandum of Points & Authorities in Support of Motion for Class Certification,* pp. 9-

6    11.  Plaintiff argues the Court "conflated" the breach of contract claim with the breach of

7    implied covenant claim, when in fact these are two distinct and separate causes of

8    action that required separate analysis.  *Id.* p. 9.  Citing *Schwartz v. State Farm Fire and*

9    *Casualty Co.* 88 Cal.App.4th 1329, 1399 (2001) and *Carma Developers (Cal.), Inc. v.*

10   *Marathon Development Cal. Inc.*, 2 Cal. 4th 342, 373 (1992), Plaintiff contends a claim

11   for breach of the implied covenant of good faith and fair dealing does not require the

12   breach of a specific contractual provision.  *Id.*  Thus, Plaintiff argues, even if individual-

13   ized inquiries are necessary for Plaintiff's breach of contract claim, they are not neces-

14   sary for the implied covenant claim because Defendant's policies "breached the implied

15   covenant with respect to every class member who made a claim, regardless of whether

16   Defendant ultimately covered the claim or not."  *Id.* p. 9, ln. 18-24.

17   The failure of an insurer to deal fairly and in good faith with its insured by

18   refusing, without proper cause, to compensate its insured for a loss covered by the

19   policy may give rise to a cause of action for breach of the implied covenant of good faith

20   and fair dealing.  *Fleming v. Safeco Ins. Co.*, 160 Cal. App. 3d 31, 38 (1984); *Neal v.*

21   *Farmers Ins. Exchange*, 21 Cal. 3d 310 (1978).  The covenant is implied as a supple-

22   ment to the express contractual covenants, to prevent a contracting party from engaging

23   in conduct that frustrates the other party's rights to the benefits of the agreement.  *Love*

24   *v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1153 (1990).  In the context of insurance

25   contracts, a cause of action may be sustained based on any number of practices such

26   as such as delayed payment based on inadequate or tardy investigations or oppressive

27   conduct by claims adjusters seeking to reduce the amounts legitimately payable.  *Id.*

28   / /

09cv748-JMA(NLS)

1    Such conduct, which may not necessarily constitute a breach of a specific contractual

2    provision, frustrates the insured's right to receive the benefits of the contract.  *Id.*

3          Plaintiff's claim that Defendant "breached the implied covenant with respect to

4    every class member who made a claim, regardless of whether Defendant ultimately

5    covered the claim or not," however, again glosses over the required element of causa-

6    tion.  In order to prevail on a cause of action for breach of the implied covenant of good

7    faith and fair dealing, an insured must establish its injury was proximately caused by the

8    insurer's breach.  *See PPG Industries v. Transamerica Ins.* Co., 20 Cal. 4th 310, 315

9    (1999); *See also Neal,* 21 Cal.3d at 925 (insurance company may be liable for "any

10   damages which are the proximate result of that breach"); *Brandt v. Superior Court,* 37

11   Cal.3d 813, 817 (1985).  As previously discussed herein and in the order denying

12   Plaintiff's motion for certification, individualized inquiries and proof would be required to

13   determine whether the alleged wrongful business practices actually caused injury to the

14   class members.

15   **E.**  **The Court Did Not Commit Clear Error in Determining Proof of Class Mem-**
     **bers' Reliance on Defendant's False Advertising Requires Individualized**

16   **Inquiries**

17         Plaintiff's final argument is the Court committed clear error in concluding Plain-

18   tiff's false advertising claims required individualized inquiries into each class member's

19   reliance on Defendant's representations because the Court considered evidence

20   submitted by Defendant that most home warranty plans were purchased by someone

21   other than the class member.  *Memorandum of Points & Authorities in Support of*

22   *Motion for Reconsideration*, p. 11.  The Court did not, however, use this evidence to

23   determine "Plaintiff could not prove that all class members received th[e] written materi-

24   als," as Plaintiff claims.  *Id.*  The Court's inquiry was limited to determining whether

25   Plaintiff had established a framework for proving reliance on a class-wide basis.

26   Plaintiff claims the common framework for class-wide reliance was established by

27   demonstrating that Defendant made false representations in uniform written materials.

28   As explained in the order denying certification, this analysis does not hold up.

10

1    The fact that class members may have seen some, all or none of the alleged

2    misrepresentations due to the varying ways in which they acquired their plans has never

3    been in dispute.  The Court was not required to turn a blind eye to this.  *Dukes*, 603

4    F.3d at 581, 589.  The key to establishing a framework for proving class-wide reliance

5    with respect to Plaintiff's false advertising claim is not whether all class members

6    ultimately received written materials, but whether they were exposed to the alleged

7    misrepresentations *prior* to obtaining their plans.  Plaintiff did not establish such a

8    framework.

9    Plaintiff also argues that even if reliance can not be properly presumed for class

10   members who received their warranty plan as part of a real estate transaction, the Court

11   should have certified a subclass or new class consisting of all persons who purchased a

12   plan directly from Defendant.  *Id*. p. 12.  This alternate class definition was not proposed

13   by Plaintiff and he does not show how the Court committed clear error by not *sua*

14   *sponte* crafting this alternate class definition.

15   **F.    The Order Denying Certification Does Not Preclude Plaintiff from Attempt-**
       **ing to Modify the Proposed Class**
16

17   Lastly, Plaintiff requests clarification that the order denying class certification is

18   without prejudice "so that he can modify and renew his motion for class certification at a

19   later date if circumstances warrant doing so."  *Id*. p. 13.  It is unclear as to whether

20   Plaintiff, who states "it can sometimes take plaintiffs two, three, or even four bites at the

21   class-certification apple to propose a class that meets Rule 23's requirements" intends

22   to re-seek certification as to the previously proposed class or to modify his proposed

23   class definition and then seek certification as to a new proposed class.  The deficiencies

24   as to the previously proposed class are such that they can not be cured by another

25   motion under Fed. R. Civ. P. 23.  The order is not, however, intended to preclude

26   / /

27   / /

28   / /

09cv748-JMA(NLS)

1   Plaintiff from seeking to modify the class definition and attempting to certify an alternate

2   proposed class.

3   DATED:  May 20, 2011

4   _____

    Jan M. Adler
5   U.S. Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv748-JMA(NLS)