1  **FOLEY & LARDNER LLP**
   JAY N. VARON DC BAR NO. 236992 (ADMITTED *PRO HAC VICE*)
2  jvaron@foley.com
   ANDREW B. SERWIN (SBN 179493)
3  aserwin@foley.com
   TAMMY H. BOGGS  (SBN 252358)
4  tboggs@foley.com
   3579 VALLEY CENTRE DRIVE, SUITE 300
5  SAN DIEGO, CA 92130
   TELEPHONE:     858.847.6700
6  FACSIMILE:     858.792.6773

7  ATTORNEYS FOR DEFENDANT
   OLD REPUBLIC HOME PROTECTION COMPANY, INC.
8
                    **UNITED STATES DISTRICT COURT**
9
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11

12 | DOUGLAS J. CAMPION, on behalf of himself and all others similarly situated, | Case No:  09cv0748 JMA (NLS) |
13 |  | **DEFENDANT OLD REPUBLIC HOME PROTECTION COMPANY, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
     Plaintiff,
14
     v.
15
   OLD REPUBLIC HOME PROTECTION
16 COMPANY, INC., a California Corporation,
   and DOES 1-25,
17 Inclusive,

18     Defendants.

DATE       : JANUARY 20, 2012
TIME       : 10:00 A.M.
DEPT.      : D
ACTION FILED:    APRIL 13, 2009

JUDGE   :  HON. JAN M. ADLER

---

DEFENDANT OLD REPUBLIC HOME PROTECTION COMPANY, INC.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 09CV0748 JMA (NLS)

4839-8189-1854.1

## **TABLE OF CONTENTS**

I.   Preliminary Statement ...................................................................................................1

II.  Argument .......................................................................................................................2

   A.   Old Republic does not provide "goods or services" pursuant to the CLRA, which is therefore inapplicable to Old Republic's home warranty plans. ....................2

   B.   As a factual and legal matter, Plaintiff has no basis to seek injunctive relief on his claims. ...........................................................................................................4

III. Conclusion .....................................................................................................................8

2
DEFENDANT OLD REPUBLIC HOME PROTECTION COMPANY, INC.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 09CV0748 JMA (NLS)

4839-8189-1854.1

Defendant Old Republic Home Protection Company. Inc. ("Old Republic), by counsel, in support of its Motion for Summary Judgment on Claim for Violation of Consumer Legal Remedies Act and on All Claims as to Injunctive Relief (Doc. No. 79) ("Motion"), respectfully states as follows in reply to Plaintiffs' Opposition (Doc. No. 85) ("Opposition").

## I. PRELIMINARY STATEMENT

Plaintiff's Opposition identifies the salient issues incorrectly, ignores and refuses to discuss relevant case law, and misapprehends procedural rules and rulings by this and other courts in an effort to try to force a trial on behalf of persons Plaintiff does not represent.

Thus, the issue under the CLRA is not whether Old Republic is "a traditional insurance company" (Opposition 1) or has "a license to sell insurance in California." (*Id*.) The real issue and basis for denying Plaintiff's CLRA claim is that is that the home warranty plans at issue do not qualify as "goods or services" pursuant to the Act. Specifically, the home warranty plans have insurance-like attributes, namely intangible value and the transference of risk, such that they are sufficiently analogous to insurance and therefore outside the CLRA's reach.[1] And while Plaintiff carefully posits that "[n]o California or federal appellate court has held that 'home protection companies' are 'insurance companies'" (*id*.), the *Diaz* decision by this Court[2] expressly holds that home protection contracts do not qualify as "goods or services" pursuant to the CLRA. Plaintiff's brief chooses not to address this decision except for one minor but erroneous statement.[3]

With respect to Plaintiff's claim for injunctive relief, Plaintiff conflates his standing to

---

[1] Indeed, the home warranty plans are regulated by the California Insurance Code and Plaintiff himself invokes various provisions of the California Insurance Code in support of his CLRA claim.

[2] *Diaz v. First American Home Buyers Protection Corp.*, No. 09-CV-0775 (Doc. 15, filed July 22, 2009) (Ex. C to Old Republic's Request for Judicial Notice) (Doc. No. 79-3).

[3] The only reference to *Diaz* in Plaintiff's Opposition (which does not reference the case in its Table of Authorities), is the misleading assertion that Judge Huff had no trouble concluding that the plaintiff in that case had Article III standing to assert claims, including claims for money damages against a different home warranty company—without noting that Judge Huff found the CLRA claims, which are identical to those asserted here, were not actionable.

DEFENDANT OLD REPUBLIC HOME PROTECTION COMPANY, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 09CV0748 JMA (NLS)

4839-8189-1854 1

prosecute claims *for monetary relief* in this Court, which Old Republic does not dispute, with the right to seek an injunction as well—including to effect system-wide business practice changes despite this Court's denial of an injunctive relief class. Plaintiff likewise inaccurately describes Old Republic's summary judgment motion and misunderstands how partial summary judgment operates.[4] The simple truth is that while Plaintiff may have standing to bring an individual damages claim and possibly an individual claim for restitution, he has no basis to bring a claim for injunctive relief or any right to receive injunctive relief.

## II. ARGUMENT

### A. Old Republic does not provide "goods or services" pursuant to the CLRA, which is therefore inapplicable to Old Republic's home warranty plans.

Plaintiff's Opposition attacks the straw man of whether Old Republic is a traditional insurance company, thus focusing on irrelevant details such as whether Old Republic is licensed to sell insurance in California. The real issue, however, is that Old Republic provides neither a "good" nor a "service" within the meaning of the CLRA. To the contrary, the home warranty plans offered by Old Republic – which does not purport to be a traditional insurance company or to require licensing as such – are instead analogous to insurance, which Plaintiff does not dispute is excluded from the scope of the CLRA.

The *Diaz* ruling, which Plaintiff largely ignores, directly supports this analysis. In that case, the court did not actually resolve whether home warranty plans, such as those at issue here, constitute insurance. Nonetheless, it concluded that home warranty plans do not qualify as

---

[4] Plaintiff erroneously contends that Old Republic's Motion on the injunctive relief issue is procedurally improper because Old Republic does not seek dismissal of Plaintiff's entire UCL claim and "has not requested summary adjudication or partial summary judgment." (Opposition 1.) However, Old Republic's Motion clearly sets forth the standard for partial summary judgment and urges that a ruling on the discrete and important issue of injunctive relief would "significantly simplify and narrow" the case. No rule requires a litigant to attack an entire case or claim and FRCP 56(a) and 16(c)(2)(A) state just the opposite. Accordingly, this issue is properly before the Court. *See, e.g.*, *Ryan v. Editions Ltd. West, Inc.*, No. C 06-04812 PVT, 2008 WL 4239116, at *2 (N.D. Cal. Sept. 15, 2008) (granting defendants' motion for partial summary judgment on the issue of whether plaintiff could obtain injunctive relief on claims asserted and finding, *inter alia*, that no injunction could issue on alleged copyright infringement where plaintiff faced no probability or threat of continuing or additional infringements).

2

DEFENDANT OLD REPUBLIC HOME PROTECTION COMPANY, INC.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 09CV0748 JMA (NLS)

4839-8189-1854.1

"goods or services" under the CLRA based on their insurance-like attributes. Specifically, the court found that home warranty plans, much like insurance, possess a "central and relatively important" element of risk transference, which takes them out of the ambit of the CLRA. *Diaz*, at 6. Judge Huff found the reasoning of *Fairbanks v. Superior Court* both applicable and persuasive. *See Fairbanks*, 46 Cal. 4th 56, 65 (2009) (finding that the CLRA excludes life insurance, an intangible value rather than a good or service). Accordingly, he dismissed the CLRA claim in *Diaz* and denied leave to amend.[5]

Tacitly acknowledging that such an analysis is relevant in determining the CLRA's applicability, Plaintiff's Opposition strives to distinguish home warranty plans from so-called "pure" insurance. Thus, for example, Plaintiff argues that traditional insurance companies "do not promise to fix appliances, pools or HVAC equipment. They simply promise to pay a sum of money if certain conditions occur." (Opposition 4.) However, Plaintiff ignores the reality that a home warranty plan claim may never be submitted and the contract not result in the provision of *any* goods or services. Furthermore, even to the extent a plan holder does make a claim, Old Republic strictly reserves the right to provide **cash in lieu** of repair or replacement. (Complaint ¶ 25, Ex. B to Complaint.) Thus, the elements of intangible value and risk transference — supported by *Fairbanks*, *Diaz*, and *Berry*—are important and determinative here.[6]

*California Physicians' Service v. Garrison*, 28 Cal. 2d 790 (1946), cited by Plaintiff, is inapposite. That case involved a defendant corporation that had contracts with physicians

---

[5] Plaintiff eschews *Diaz* in favor of a 2007 ruling by the San Diego Superior Court in *Edleson v. American Home Shield*. (Opposition 5.) *Diaz*, however, presents the more persuasive case. *Edleson* only addressed the CLRA in a single paragraph in a tentative ruling on a motion to strike. (Ex. E to Opposition.) More importantly, *Diaz* involves the better-reasoned analysis of *Fairbanks*, and also is consistent with the California Court of Appeal's decision in *Berry v. American Exp. Publishing, Inc.*, 147 Cal. App. 4th 224, 229-30 (2007) (holding that issuance of a credit card had intangible value and thus did not fall under the CLRA).

[6] The Court should reject Plaintiff's attempt to distinguish *Fairbanks*, 46 Cal. 4th 56, 65 (2009), on the basis that life insurance does not involve a service "related to" consumer goods. (Opposition 4 n.1.) As this Court properly concluded in *Diaz*, the *Fairbanks* reasoning applies to the home warranty plan context. Furthermore, *Berry* rejected a similar "related to" argument, finding that the issuance of a credit card had intangible value separate and apart from the specific "goods or services" that it would be used to purchase. *See Berry*, 147 Cal. App. 4th at 229-30.

3
DEFENDANT OLD REPUBLIC HOME PROTECTION COMPANY, INC.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 09CV0748 JMA (NLS)

4839-8189-1854.1

pursuant to which the physicians agreed to render professional services to members of the general public who paid dues to the corporation. The court determined that the defendant corporation assumed no risk, and therefore was not transacting insurance, because the amount that it paid the physicians varied according to the number of members paying dues and the incidents of sickness. *California Physicians' Service*, 28 Cal. 2d at 804. In other words, all risk was assumed by the physicians, not the defendant corporation. *Id*. Such is not the case here.

Ultimately, of course, Plaintiff himself relies on various provisions of the Insurance Code in asserting his CLRA claim. (*See* Complaint ¶ 62-64) (alleging that Old Republic violated several provisions of the California Insurance Code by, *inter alia*, failing to adopt and implement "reasonable standards for the prompt investigation and processing of claims arising under insurance policies.")). *See also Diaz*, at 6-7 (buttressing its decision to dismiss CLRA claim with the fact that the California Insurance Code lists the home protection contract under "Classes of Insurances.").[7]

**B.    As a factual and legal matter, Plaintiff has no basis to seek injunctive relief on his claims.**

Plaintiff's Opposition does not dispute that following the passage of Proposition 64, the UCL imposes a mandatory class action requirement for a private plaintiff seeking a public

---

[7] Plaintiff's reliance upon a 2004 letter from the Home Warranty Association of America ("HWA") is misplaced. In the letter, HWA objected to certain proposed claims settlement regulations; namely, that they were too oriented towards regulating a traditional insurance business as opposed to the home protection business. It was in that context that HWA noted differences between home protection contracts and insurance polices. Thus, the balance of the letter not excerpted by Plaintiff reveals that HWA's objections and highlighted differences concern such matters as: (i) a section geared toward capturing written claims data, when home protection companies—unlike traditional insurance companies—operate largely by telephone (*see* Ex. F to Bottini Declaration at p. 38 of 41); (ii) another section designed for insurance policies that have infrequent claims (e.g., one every several years), when home protection claims average two claims per year (*id*. at 39); and training requirements that were likewise inconsistent with the way home protection claims are handled. (*Id*.) In short, the HWA letter merely argued that the proposed regulations were not feasible to the extent they purported to be one size fits all, given certain practical differences between home protection policies and insurance policies— much the same way that there are differences among insurance policies (e.g., title versus casualty.) HWA's arguments certainly do not mean that home protection contracts involve the provision of "goods and services" under the CLRA.

4
DEFENDANT OLD REPUBLIC HOME PROTECTION COMPANY, INC.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 09CV0748 JMA (NLS)

4839-8189-1854.1

injunction. *See Arias v. Superior Court*, 46 Cal. 4th 969, 976 (2009). Nor can Plaintiff plausibly deny that following this Court's refusal to certify an injunctive relief class, Plaintiff is foreclosed from obtaining an injunction on behalf of others under the UCL.

Nonetheless, Plaintiff argues that his individual, non-class claims entitle him to seek injunctive relief from Old Republic, including to effect system-wide business practice changes. This is a nonstarter, as Plaintiff has not demonstrated (and cannot demonstrate) that he himself is entitled to injunctive relief.

> 1.  <u>Plaintiff incorrectly argues that he may pursue injunctive remedies merely by virtue of his standing to prosecute claims for alleged monetary injury.</u>

Plaintiff's Opposition pays no heed to the Supreme Court's instruction in *Summers v. Earth Island Institute* that a plaintiff in federal court must establish that he has standing "**for each type of relief sought**." 555 U.S. 488, 129 S.Ct. 1142, 1149 (2009) (emphasis added). Accordingly, Plaintiff misapprehends the significance of this Court's previous statement that it was "satisfied the standing requirement is met." (Order Denying Plaintiff's Motion for Class Certification 6 (Doc. No. 56)). At that juncture, the Court simply confirmed that Plaintiff possesses some basis under Article III (i.e., pursuant to Plaintiff's claims for monetary relief) to prosecute this action in federal court. The Court was not called upon to analyze whether Plaintiff has a basis to seek *injunctive relief* in particular, an issue that is now squarely raised by Old Republic's Motion. *See* n. 4, *supra*.

Likewise, although Plaintiff's Opposition relies on the standing analysis in *Stearns v. Ticketmaster Corp.*, the Ninth Circuit in that case simply addressed the issue of whether Article III standing existed at all. *See* 655 F.3d 1013, 1021 (9th Cir. 2011) (holding that there was no lack of standing to prosecute class claims under the UCL where named representative plaintiffs asserted that they and putative class members were relieved of money during the allegedly wrongful transactions). *See also Aron v. U-Haul Co. of California*, 143 Cal. App. 4th 796 (2006) (plaintiff alleged sufficient economic injury to confer standing under the UCL and CLRA where he claimed that U-Haul required him to purchase excess fuel by virtue of the fact that it lacked an

accurate measuring device to determine the actual amount required to return the truck at its rental fuel level). Neither the *Ticketmaster* nor the *Aron* decisions considered the issue of injunctive relief pursuant to their respective standing analyses.

   2. <u>Plaintiff errs to the extent he contends that California's Bus. & Prof. Code § 17204 omits any requirement to show a realistic threat of repetition of harm to obtain injunctive relief.</u>

It is well-settled that to obtain declaratory or injunctive relief, plaintiffs must demonstrate that they are "realistically threatened by a repetition of the violation" for the relief to redress their alleged injuries. *See, e.g.*, *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (relying on constitutional standing requirements). *Compare Midpeninsula Citizens for Fair Housing v. Westwood Investors*, 221 Cal. App. 3d 1377, 1386 (Cal. App. 6. Dist. 1990) (noting that California courts are not constrained by the case or controversy requirement of article III of the United States Constitution or by traditional "prudential barriers" to standing).[8]

Apparently conceding that he cannot satisfy the traditional requirements to obtain injunctive relief, Plaintiff attempts to argue these requirements do not apply based on the "unique statutory framework and relaxed standards" of Bus. & Prof. Code § 17204. (Opposition 9.) However, the case of *In re Napster, Inc. Copyright Litigation*, 354 F. Supp. 2d 1113 (N.D. Cal. 2005), which Plaintiff fails to address in his Opposition, illustrates the opposite. In *Napster*, the defendant counterclaimed under the UCL based on the plaintiff's alleged conspiracy to restrain trade in the online music business. *See* 354 F. Supp. 2d at 1127. The court, while recognizing that an unfair competition action is equitable in nature and thus generally allows victims to seek injunctive relief as well as restitution, concluded that the counter-plaintiff in that case failed to "allege that it has suffered any ongoing injury from plaintiffs' anticompetitive conduct."

---

[8] The court in *Midpeninsula* went on to hold that the mere fact that the plaintiff nonprofit organization (which served to oppose discriminatory housing) lacked standing under the Unruh Act did not automatically preclude it from seeking injunctive relief under the UCL on behalf of the general public. *Id.* at 1391. The court concluded, however, that such a request was meaningless given that the challenged rental policy was withdrawn years ago and nothing in the record indicated that it would be reinstated. *Id.* at 1393.

6
DEFENDANT OLD REPUBLIC HOME PROTECTION COMPANY, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 09CV0748 JMA (NLS)

4839-8189-1854.1

Accordingly, the court ruled that the counter-plaintiff was not entitled to injunctive relief under California Business and Professions Code sections 17200 and 17203. Likewise—given that Plaintiff Campion is not a current plan holder and testified that he has no intention of becoming a plan holder again in the future—he faces no realistic threat of ongoing injury such as would entitle him to injunctive relief in federal court.

The case of *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758 (2010), does not compel a contrary result. In *Clayworth*, the conduct that was the subject of the desired injunction was alleged monopolization and restraint of trade by pharmaceutical manufacturers, which had harmed and clearly posed a threat of continued harm to the numerous plaintiff indirect purchasers. Likewise, in *Century 21 Real Estate Corp. v. Sandlin*, the court observed that injunctive relief was the remedy of choice for trademark and unfair competition cases "since there is no adequate remedy at law for the injury caused by a defendant's **continuing** infringement." 846 F.2d 1175, 1180 (9th 1988) (emphasis added). Thus, neither *Clayworth* nor *Century 21* contemplated a scenario where, as here, the plaintiff simply faces no threat of repetition of harm. *Compare Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007) (no basis to seek prospective injunctive relief where plaintiff was fully aware of alleged business practices and had no intention of doing business with defendant again);[9] *Laster v. T-Mobile USA, Inc.*, 2009 U.S. Dist. LEXIS 116228 (S.D. Cal. Dec. 14, 2009) (no basis to seek injunctive relief based on knowledge of relevant conduct).[10]

---

[9] Although Plaintiff attempts to characterize Judge Burns' standing analysis in *Cattie* as "pure *dicta*," the mere fact that an issue is raised *sua sponte* does not mean that it is not a central or binding issue. To the contrary, standing is an "essential and unchanging" Article III requirement that the Court may raise at any time. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[10] As a fallback position, Plaintiff suggests that if the Court finds that he has no basis to pursue injunctive relief, the case should be remanded to state court. Plaintiff's stated theory is that, having denied the motion for class certification, this Court no longer has jurisdiction over his claim. (Opposition 12.) Plaintiff is incorrect. Jurisdiction under CAFA does not hinge on whether the case is "certified" as a class action; the key is whether it is "filed" as a class action. Indeed, every federal court of appeals to address this issue, including the Ninth Circuit, has held that the "denial of class certification does not divest federal courts of jurisdiction." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091 (9th Cir. 2010); *see also, e.g., Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011); *Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010); *Vega v. T-*

### III. CONCLUSION

Based on the foregoing, and its October 28, 2011 Memorandum, Old Republic requests that the Court grant its Motion for Summary Judgment.

Dated: January 13, 2012

**FOLEY & LARDNER LLP**
JAY N. VARON
ANDREW B. SERWIN
TAMMY H. BOGGS

By: */s/ Jay N. Varon*
      Attorneys for Defendant OLD REPUBLIC
      HOME PROTECTION COMPANY, INC.

*Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).

8
DEFENDANT OLD REPUBLIC HOME PROTECTION COMPANY, INC.'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 09CV0748 JMA (NLS)

4839-8189-1854.1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies the a true and correct copy of the above and foregoing document has been served on January 13, 2012, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

                         */s/ Andrew B. Serwin*
                         Andrew B. Serwin

DEFENDANT OLD REPUBLIC HOME PROTECTION COMPANY, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 09CV0748 JMA (NLS)

4839-8189-1854.1